IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 3 0 2012

GREGORY C. LANGHAM
CLERK

DEAN CARBAJAL,
     Plaintiff,

v.

DAN HOTSENPILLER, District Attorney of the Seventh Judicial District, in his individual and Official Capacity,

SEITH RYAN, Deputy District Attorney of the Seventh Judicial District, in his individual and Official Capacity,

WYATT ANGELO, Former District Attorney of the Seventh Judicial District, in his individual capacity,

MYAL SERRA, Former Deputy District Attorney and former District Attorney of the Seventh Judicial District, in his individual capacity,

SEVENTH JUDICIAL DISTRICT, A political subdivision of The State Of Colorado,

JEFF HERRON, A private Co conspirator, in his individual capacity,

CLINT THOMASON, An agent for the Colorado Bureau Of Investigation, in his individual and Official Capacity,

ROGER CROSS, Police Officer for the Montrose Police Department, in his individual capacity,

OFFICER BROWN, Police Officer for the Montrose Police Department, in his individual capacity,

CITY OF MONTROSE, A municipality Of The State Of Colorado,

PATRICK SAVAS, Assistant Attorney General for The State Of Colorado, in his individual and Official capacity,

TERRY RUCKRIEGLE, District Court Judge For The Seventh Judicial District in his individual and Official capacity,

BOARD OF COUNTY COMMISSIONERS OF MONTROSE COUNTY, A political subdivision of the State Of Colorado,

MONTROSE COUNTY, A County of The State of Colorado,
     Defendants

---

*PRISONER COMPLAINT*

---

## A. PARTIES

1. *At all times pertinent hereto Plaintiff Dean Carbajal was a citizen of the United*
   (Plaintiff's name, prisoner identification number, and complete mailing address)
   *States and resident of the State of Colorado. Mr. Carbajal presently recieves mail at: PO Box 600, Canon City, CO 81215, identification No. 110955.*

2. *Defendant Dan Hotsenpillar ("Hotsenpillar") is a citizen of the United States and*
   (Name, title, and address of first defendant)
   *is a resident of the State of Colorado. At all times relevant to this action, Hotsenpillar is and was acting under the color of state law in his capacity as a District Attorney and Deputy*

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? X Yes ___ No (CHECK ONE). Briefly explain your answer:
   *District Attorney for the Seventh Judicial District. As a District Attorney, Hotsenpillar is and was responsible for the training, supervision, discipline, hiring and control of the personnel in the Montrose District Attorneys office; and as a final decision maker with policy making authority, he and was responsible for the establishment and failing to establish, policies, practices, and regulations for the conduct of the District Attorneys Office and Montrose County. and is being sued in his individual and official capacity and resides at: 1200 N. Grand Ave. Montrose Co 81401*

3. *Defendant Seith Ryan ("Ryan") a citizen of the United States and resident of the State*
   (Name, title, and address of second defendant)
   *of Colorado. At all times relevant to this action, Ryan was acting under the color of state law in his capacity as a Deputy District Attorney for the Seventh Judicial District.*

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? X Yes ___ No (CHECK ONE). Briefly explain your answer:
   *Ryan has decisively worked together with Thomason and Hotsenpillar in a shared goal to cover up the wrongful conviction and imprisonment of Mr. Carbajal by hiding evidence and vigorously contesting the obvious unconstitutionality of Mr. Carbajal's conviction in bad faith simply to prevent him from obtaining post conviction relief, as well as has directed Thomason to withhold exculpatory evidence, and files that support Mr. Carbajal's innocence, and is being sued in his individual and official capacity. and resides at: 1200 N. Grand Ave, Montrose, Co. 81401.*

4. *Defendant Wyatt Angelo ("Angelo") is a citizen of the United States and resident of*
   (Name, title, and address of third defendant)
   *the state of Colorado. At all times relevant to the claims against him, Angelo was acting under the color of state law in his capacity as a District Attorney for the Seventh Judicial District. Angelo*

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? X Yes ___ No (CHECK ONE). Briefly explain your answer:
   *Angelo was a final decision maker with policy making authority with respect to the training, supervision and discipline of Hotsenpillar Serra, Price, Toney, and Kramer, and acts and edicts constitute the policies for Montrose County and City of Montrose, as well as the Seventh Judicial District. Angelo personally misrepresented and falsified evidence in a 404b hearing and in a separate action are a means to force Mr. Carbajal to plead guilty in Montrose to a crime he did not commit with knowledge no evidence*

   (If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant. The information about additional defendants should be labeled "A. PARTIES.")
   *existed in case 00CR204-Montrose County to sustain a conviction, and conducted business at: 1200 N. Grand, Montrose Co. and is sued in his individual capacity.*

   (Rev. 1/30/07)                                                **2**

5.     Defendant Myrl Serra is a citizen of the United States and resident of the State of Colorado. At all times relevant to the claims against him, Serra was acting under the color of State law in his capacity as a Deputy District Attorney for the Seventh Judicial District from 2000 to 2005 and then as District Attorney from 2005 to 2011, and was a final decision maker with policy making authority with respect to the filing of charges and handling of discovery and evidence, as well as training and supervision of District Attorney's Office personnel. Serra's acts and edicts set policies and customs for the City of Montrose, Montrose County, and/or the Seventh Judicial District. In 2000 Serra personally investigated the allegations charged against Mr. Carbajal, and was a key player in this sham prosecution, making conscious decisions with his co-perpetrators, under the direction and approval of Angelo, to falsely prosecute Mr. Carbajal for possession of a controlled substance ("PCS") and driving under restraint ("DUR") with full knowledge no probable cause existed or evidence that would substantiate these charges. Further, Serra personally participated in numerous unconstitutional acts, including but not limited to, the withholding of evidence and destruction of reports that exculpated Mr. Carbajal and vigorously and continuously covered up these obviously unconstitutional acts to ensure Mr. Carbajal was convicted and wrongfully imprisoned in furtherance of a shared goal and agreement with Herron, Angelo, and Hotsenpillar to violate Mr. Carbajal Civil Rights, and is being sued in his individual capacity, and presently resides at: 821 N. Park Ave. Montrose, Co. 81401.

6.     Defendant Seventh Judicial District is a political subdivision of the State of Colorado and functions as the prosecutorial office hired by the elected district attorney, and has a staff of Deputy District Attorneys that are employed and funded by Montrose County. The Seventh Judicial District worked together with the Montrose Police Department to investigate and prosecute Mr. Carbajal. This entity is a political subdivision under Colorado law and is a sueable entity under the rationale of Monell v. Dept of Soc. Serv of City of New York, 436 US 658, 690-91 (1978) and is responsible for the unconstitutional policies, customs, and practices that are set off by its policy makers Hotsenpillar, Serra, Angelo, Serra, Ryan, Rice, Kraver, and Tuney, and is also charged with the supervision, training, discipline, and hiring of its personnel, and conducts business at 1200 N. Grand Ave Montrose, Co 81401.

7.     Defendant Jeff Herron is a private citizen of the United States and a resident of the State of Colorado. At all times relevant to the claims against him, Herron was acting as a co-conspirator in his personal capacity together with officials including Myrl Serra, Dan Hotsenpillar and Wyatt Angelo whom were acting under the color of State law in a joint venture and conspiracy to deprive Mr. Carbajal of his civil rights. Herron was a private attorney that represented Mr. Carbajal, and deliberately sabotaged his defense and repeatedly intentionally deceived Mr. Carbajal about the facts of his case in case no. 00CR204, and forged documents, with the intention and understanding to defraud Mr. Carbajal of his liberty and assist Serra, Hotsenpillar and Angelo in hiding exculpatory evidence; as well as deceive Mr. Carbajal into entering an Alford plea to crimes that they knew he was innocent of, and lack factual basis to convict. Herron is being sued in his individual capacity and conducts business at 1200 N Grand Ave. Montrose, Co 81401.

8.     Defendant Clint Thornason is a citizen of the United States and resident of the State of Colorado. At all times relevant to the claims against him, Thornason was acting under the Color of State law in his capacity as an agent for the CBI - Colorado Bureau of Investigation. Thornason is presently the agent assigned to their lab case file; and has refused to turn over the original CBI Lab case file that exculpates Mr. Carbajal, with the intention to coverup a malicious prosecution and wrongful conviction of an innocent person – Mr. Carbajal, and the malfeasance of Hotsenpillar, Serra, Angelo and Herron, under the direction and approval of Sayer. Thornason is being sued in his individual and official capacity and conducts business at: 2799 Justice Dr., Grand Junction, Co. 81506.

9.     Defendant Roger Cross is a citizen of the United States, and resident of the State of Colorado. At all times relevant to the claims against him, Cross was acting under the Color of State law in his capacity as an officer for the Montrose Police Department. Cross was a key player in the manufacturing of probable cause and fabrication of evidence and destruction of exculpatory evidence to wrongfully convict, prosecute, and imprison Mr. Carbajal. Cross is being sued in his individual capacity and conducted business at: 434 S. 1st Montrose, Co 81401.

10.     Defendant Officer Brown, is a citizen of the United States and resident of the State of Colorado. At all times relevant to the claims against him, Brown was acting under the color of State law in his capacity as an officer for the Montrose Police Department. Brown was the Officer that illegally searched Mr. Carbajal's car with Officer Cross, and aided and abetted in the wrongful prosecution, conviction and imprisonment of Mr. Carbajal by failing to expose Cross' misconduct, and lack of probable cause, and is being sued in his individual capacity and conducted business at: 434 S. 1st Montrose, Co 81401.

11.     Defendant City of Montrose is a municipality duly organized under the laws of the State of Colorado, and is a sueable entity pursuant to Monell v. Dept. of Soc. Serv., Supra. and is liable for the policies, customs, and practices instituted and promulgated by its official policy makers Cross, Hotsenpillar,

Angelo, Unknown Chief of Police, law enforcement committee, Counsel members and other supervisory officials, including their failure to properly train, supervise, discipline, and hire proper and competent personnel, and place of business is at: 433 S. 1st Montrose, Co 81401.

12.    Defendant Patrick Sayer is a citizen of the United States, and resident of the State of Colorado. At all times relevant to the Claims against him Sayer was acting under the Color of State Law in his capacity, as assistant attorney general. Sayer has played a direct and essential role in directing Thomson to withhold exculpatory evidence in the CBI Lab case files that implicates Herron, Angelo, Hotzenpillar and Serra with the intention to cover up their malfeasance and prevent Mr. Carbajal from obtaining relief and redress grievance, and at no time was he acting in his capacity as an advocate for the state. Sayer is being sued in his individual and official capacity and conducts business at: 1525 Sherman St. 7th Fl. Denver, Co 80203.

13.    Defendant Terry Ruckriegle is a citizen of the United States and resident of the State of Colorado. At all times relevant to the Claims against him Ruckriegle was acting under the color of state law in his capacity as a District Court Judge for the Seventh Judicial District. Ruckriegle was assigned to the underlying case after various judicial officers were recused for misconduct. Ruckriegle has violated a declaratory decree specifically, Crim P. 35(c) and statutory law intentionally in direct retaliation for Mr. Carbajal's redress of grievance and success in his appeal exposing the repeated misconduct of his predecessors, and in an effort to cover up the malfeasance and illegal acts of numerous state and local officials. Ruckriegle is grossly bias of Mr. Carbajal and has set out to prevent Mr. Carbajal from obtaining post conviction relief that is due and redressing grievance in a civil forum for damages he has suffered, by ignoring pleading, grossly delaying proceeding for a year in direct violation of state law and refusing to set a hearing or issue stated subpoenas — to help Hotzenpillar, Herron, Angelo, Serra, and Ryan hide their misconduct. Ruckriegle is being sued in his individual and official capacity for purely injunctive or declaratory relief and conducts business at: 1200 N. Grand Ave, Montrose Co. 81401.

14.    Defendant Board of County Commission of Montrose County ("Montrose County") is a political subdivision and body politic of the State of Colorado and has a mailing address of: 1200 N Grand Ave. Montrose Co 81401. Montrose County Funds, and Controls the Budget of the Seventh Judicial District District Attorneys Office. Montrose County acts and fails through its policymakers with final decision making authority, and the acts and edicts of these final decision makers with policymaking authority represent the policies, customs, and practices of Montrose County pursuant to Monell v. Dept. of Soc. Serv; Supra. Indeed, although Montrose County does not directly supervise or control the Seventh Judicial District District Attorney Office and personnel; under the rationale of Monell v. Dept of Social Serv. Supra, and Colorado state's laws that characterize Montrose County as a political subdivision and a sueable entity; Montrose County is liable for policies, customs, and practices set off by its policymakers, including their failure to adequately train, that directly violate the constitutional rights of citizens including Mr. Carbajal. Montrose County's principle place of business is at: 1200 N. Grand Ave, Montrose Co 81401.

15.    Defendant Montrose County is a political subdivision of the State of Colorado and encompasses the Board of County Commissioners and Seventh Judicial District, and conducts business at: 1200 N. Grand Ave. Montrose, Co 81401, and is liable for the unconstitutional polices, customs, and practices instituted and promulgated by its policymakers with final decision making authority including but not limited to: Angelo, Serra Hotzenpillar, Ryan, and County Commissioners, with respect to various policymaking decisions that these officials perform for Montrose County and its subsidiary departments. Montrose County Funds and employees staff and personnel for the District Attorneys Office.

16.    At all times pertinent Hereto, the Defendants each sued in both, their individual and official capacity, were acting within the scope of their official duties and employment under color of state law, Except Jeff Herron, Sr. But because he worked closely with Hotzenpillar, Serra, and Angelo in a shared goal to violate Mr. Carbajal's civil right, strategizing and personally misrepresenting facts and assisting in the cover up of Mr. Carbajal's wrongful arrest, prosecution, conviction and imprisonment, amongst numerous other overt acts in furtherance of this conspiracy to violate Mr. Carbajal's civil rights; Herron is liable under 42 USC § 1983. In this context Herron is and was acting under the color of State law as a co conspirator See Tower v. Glover, 467 US 914, 920-23 (1983).

## B. JURISDICTION

17. I assert jurisdiction over my civil rights claim(s) pursuant to: (check one if applicable)

  __X__ 28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

  _____ 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

18. I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

This action arose under the Constitution and law of the United States and is brought pursuant to 42 USC § 1983. Jurisdiction is conferred on this Court pursuant to 28 USC § 1331, 1367. This Court is authorized to render declaratory relief and injunctive relief pursuant to 28 USC §§ 2201, 2022 and 2283, and Fed. R. Civ. P. 57 and 65. Further, this court is conferred jurisdiction over plaintiff's state law claims under the doctrine of pendent jurisdiction. Jurisdiction supporting plaintiff's claim for attorneys fees and costs is conferred by 42 USC § 1988.

19. Venue is proper in the District of Colorado pursuant to 28 USC § 1391(b). All of the events relevant to the claims contained herein occurred within the State of Colorado.

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

1 Mr. Carbajal was falsely charged with Possession Of A Controlled Substance And Driving Under Restraint which inevitably resulted in his wrongful detention, prosecution, conviction and imprisonment for nearly seven years.

20. In 2000 Officer Roger Cross worked closely with the Montrose District Attorneys Office, including Myrl Serra, Don Hotsenpiller and Wyatt Angelo, in a joint effort and shared goal to bring about the arrest, prosecution, conviction and imprisonment of Dean Carbajal in any way possible, including the intentional violation of Dean Carbajal's civil rights, as well as state and federal law. This culture amongst these local officials was approved and encouraged by the Unknown Chief of Police and Wyatt Angelo, thereby, allowing Cross' dogged pursuit of Mr. Carbajal, and his repeated harassment, and subjection to false charges for PCS and DUR, with full knowledge that no evidence existed that would substantiate these felony charges. Certainly, the evidence available to these officers and the totality of circumstances clearly pointed to Mr. Carbajal's innocence. Nevertheless, out of malice Cross, Hotsenpiller and Serra, under the direction and approval of the Chief of Police and Angelo, fabricated a basis to search and seize Mr. Carbajal without probable cause and falsified affidavits, to manipulate the judiciaries' determination of probable cause, and withheld obviously material and highly exculpatory evidence that no substance or reliable evidence of a substance existed; and, further, destroyed lab reports and information, that supported the obvious lack of any evidence, that would support a charge of PCS; thereby, implicating Mr. Carbajal's due process rights and right to be free from arrest, prosecution, conviction and imprisonment without probable cause. These egregious acts and omissions were outrageous and are of such degree that shocks the conscience and defies our universal conception of fairness. Which inevitably resulted in the wrongful conviction of Mr. Carbajal and deprivation of his liberty for nearly

(Rev. 1/30/07)

Seven years without probable cause or due process of law.

21.    These improprieties and obviously unconstitutional acts were discovered in late 2010, and through an ongoing investigation by Mr. Carbajal, his family, and private investigators, in their diligent efforts to uncover these constitutional violations, and could not have been revealed sooner due to the defendants and there personnel's vigorous efforts to coverup these unconstitutional and criminal acts, inconjunction with repeated attacks on Mr. Carbajal and his family, including multiple illegal arrests and a string of malicious prosecutions from 2006 to 2010, that were systematically and decisively executed to oppress and prevent Mr. Carbajal from asserting his political freedom and, further, investigate his civil rights violations. These recent discoveries prompted a collateral attack that was filed pro se pursuant to Crim.P. Rule 35(C). However, due to extreme bias and political influence of the defendants, Dean Carbajal has been unable to exercise his rights in a state forum; whereas, at every turn he has been broad-sided or stonewalled in his great effort to obtain post conviction relief, and presently Judge Ruckriegle and other state officials refuse to perform there duties. Ruckriegle refuses to rule on or set a required hearing on Dean Carbajal's petition for post conviction relief in direct contradiction of statutory law, and applicable rules, with the intention to stop Dean Carbajal from obtaining any relief, therefore, denying him meaningful access to the Courts for redress of grievance, and have subjected him to a continuation of irreparable harm in the form of a bad faith and vexatious type of prosecution that can not be resolved in the State forum, and given the pattern of intentional civil rights violations that constitute deliberate harassment and, thereby, beg federal intervention.

B. Unconstitutional Seizure And Excessive And Exploratory Search Of Mr. Carbajal And His Car That Resulted In The False Charges Of Possession Of A Controlled Substance And Driving Under Restraint, And His Wrongful Conviction And Detention

22    On August 16, 2000 at approximately 8:50 pm Officer Cross overzealously and doggedly pursued Dean Carbajal with a preset mind, and malicious intent to fabricate a basis to arrest and charge him with an offense in furtherance of the mutual decision and shared goal between him, Don Hotzenpillar, Styri Serra ▓▓▓▓▓▓ and Wyatt Angelo to violate Dean Carbajal's Fourth and Fourteenth Amendment rights to be free from arrest, prosecution, conviction and imprisonment without probable cause, and due process, and seized Mr. Carbajal at a gas station were he had been parked as he was walking out of the gas station, demanding that Mr. Carbajal produce his license, registration, and insurance. Mr. Carbajal immediately objected, and asserted that their is no justification, and that no laws have been broken. Indeed, the Circumstances at hand presented no legal basis or cause for Officer Roger Cross to seize Mr. Carbajal, nor would have a reasonable officer found legal basis to seize Mr. Carbajal. Yet Cross forcefully asserted his authority and refused to let Mr. Carbajal leave, taking his license and registration, as well as insurance documentation, in an abusive and threatening manner. Approximately five minutes later after walking to his patrol car that was parked directly behind Mr. Carbajal's car, Cross returned and without explanation slammed Mr. Carbajal on the side of his car, and restrained him with handcuffs and then placed him behind the back of the patrol car, were he

remained as Cross searched his car excessively and repeatedly, opening the trunk, and various compartments.[1] After Cross finished his search, an additional officer named Officer Brown arrived, and they began searching Mr. Carbajal's car excessively opening the compartments through-out the car without justifiable reason other than to invade Mr. Carbajal's privacy. Certainly, the circumstances did not warrant a search of this nature, especial, since Mr. Carbajal was not driving, and was parked, rather, Mr. Carbajal was secured behind the police car cuffed. Soon after Officer Brown exited Mr. Carbajal's car with a blue wallet that was allegedly in the glove compartment and opened a small zipper pouch where a handcuff key and a little bag was found allegedly. Cross proceeded to his patrol car and opened his driver-side door, and began to harass Mr. Carbajal stating "Your being charged with possession of cocain, that was found in a pouch that was zipped." Mr. Carbajal immediately objected stating that "it was impossible" because he does not do drugs, and demanded to see the evidence. Cross refused to show Mr. Carbajal any evidence, and transported him to the Montrose Detention Center were he was detained on a $60,000 bond.

23.     Mr. Carbajal remained in custody on this false charge of PCS, due to the excessiveness of his bond without notice of the factual basis for this charge, or the evidence against him. In fact, counsel was not appointed until August 31, 2000, at which time, Deputy District Attorney Hotsenpillar, Serra under the direction and approval of Angelo filed a formal Complaint charging Carbajal with PCS, DUR, and Violation of Bail Bond Conditions without probable cause. Up until this point, Mr. Carbajal was provided no legal assistance and remained in custody without a prompt determination of probable cause, thereby, violating his Fourth Amendment right to be free from pretrial arrest without a prompt determination of probable cause for nearly fifteen days.

24.     The charges filed against Mr. Carbajal were purely frivolous and decisively charged in bad faith with the malicious intent to wrongfully convict and imprison him in direct violation of his right to be free from arrest, prosecution, conviction and imprisonment without probable cause or due process of law. Hotsenpillar, Serra, Cross, and Angelo had evidence in their possession that verified through NCIC that Mr. Carbajal had a valid license to drive when he was seized by Cross at the gas station; but, more convincingly, is the fact that the defendants Cross, Hotsenpillar, Serra and Angelo knew that Mr. Carbajal was not driving or in his car when Cross seized him, and forced him to prevent his information. Thus, no legal or reasonable grounds existed to charge Mr. Carbajal with driving under restraint to seize and search him. Nevertheless, with complete disregard for Mr. Carbajal's rights and the obvious harm that he would suffer, Hotsenpillar, Serra, and Cross under the direction and approval of Angelo, and Chief of Police, intentionally filed these obviously false charges in bad faith, as a basis to coverup their clearly unreasonable seizure of Mr. Carbajal, and grossly excessive and repetative exploratory search of his car by Cross and Brown without reason to believe he had committed a traffic violation. This illegal search and seizure and dogged pursuit of Mr. Carbajal produced this alleged bag that contained an allegedly a controlled substance.

[1] Approximately a month prior to this Cross had repeatedly followed Mr. Carbajal and broke into Mr. Carbajal's private locker at High Country Fitness and was caught by Mr. Carbajal going through his gym bag illegally. This was a pattern of misconduct.

25.    On August 17, 2000 Cross submitted this alleged bag that was empty to the Colorado Bureau of Investigation without notice to Mr. Corbajal or counsel for testing with knowledge that any alleged evidence would be destroyed with the intention and understanding to destroy evidence and deprive Mr. Corbajal of his ability to test the veracity and reliability of Officer Cross conclusory and malicious allegations, thereby, transgressing Mr. Corbajal's substantive and procedural due process rights, in furtherance of his agreement and shared goal with Hotsenpillar, Serra, Chief of Police and Angelo, to convict and imprison Mr. Corbajal by any means necessary without probable cause. To exacerbate matters, Cross, Hotsenpillar, and Serra deliberately engaged in these overt acts with confidence that their unconstitutional conduct would be met with approval and encouragement by the Chief of Police and Angelo, thus, maintaining this culture and custom of unfair investigational and prosecutorial practices, representing a deliberate disregard for citizens, including Mr. Corbajal's, right to due process and to be free from prosecution, conviction, and imprisonment without probable cause.

26.    On August 30, 2000, Cross, Hotsenpillar, Serra and Angelo with knowledge that no evidence existed or reliable information that would support probable cause to charge Mr. Corbajal with PCS, DUR, and Violation of Bail Bond Conditions, intentionally drafted and notarized a statement alleging that on August 16, 2000 Mr. Corbajal did knowingly and unlawfully possess a Schedule II Controlled Substance, to-wit: cocaine; and that He "unlawfully and knowingly violated a condition of his bail bond (by committing a felony, namely possession of a controlled substance, schedule II)," and that He: "unlawfully operated and drove a motor vehicle upon a highway of this state, at a time when his driver's license and driving privilege was under restraint" with the purpose and understanding to convict and imprison Mr. Corbajal without probable cause or due process of law, and maliciously destroy his life and ability to function as a productive citizen., by knowingly committing perjury as a means to wrongfully institute process. These false informations containing known falsehood—specifically, that Mr. Corbajal had knowingly and unlawfully possessed a controlled substance, and had driven while under restraint; and omissions — specifically, failing to disclose that no substance existed or reliable information, that this evidence had been destroyed prior to the filing of charges without notice to Mr. Corbajal, and prior to the appointment of counsel, and more that Mr. Corbajal had a valid license to drive that had been verified., and that the evidence obtained was the product of an unreasonable search and seizure, which, were intentional presented to a judicial officer to mislead him into establishing probable cause to arrest and prosecute Mr. Corbajal for these false charges, as well as deceive Mr. Corbajal into believing their was legal basis to charge him and detain him as a means to compel a guilty plea thereby defrauding him of his liberty.

27.    Thereafter, Serra, Hotsenpillar, Cross and Angelo intentionally destroyed and withheld official copies of reports and test results that verified that no evidence existed, and that they had destroyed this alleged substance prior to their preparation and notarization of the Affidavit and complaint, and filing of charges in case no. 2000CR204, in furtherance of this shared goal and group decision and effort to wrongfully prosecute, convict, and

imprison Mr. Carbajal in violation of his civil rights. Also, these malicious acts were further taken as a means to coverup their misconduct and perjury. Certainly, the evidence and information that Hotzenpiller, Serra, Cross, and Angelo possessed, provided no legal basis or reason to believe Mr. Carbajal had committed the crime of Possession of a Controlled Substance, Driving Under Restraint, or Violation of Bail Bond Conditions, but in fact vitiated probable cause and showed clearly that Mr. Carbajal was innocent. Yet, with complete disregard for the truth and the obvious harm imposed to Mr. Carbajal, these officials instituted process by filing these false charges, and continued this bad faith prosecution without probable cause, and were reckless and heedless acts taken with an evil intent to injure Mr. Carbajal, representing a complete lack of consideration for Mr. Carbajal's civil rights, and well being, and the obvious consequences of their actions, specifically the wrongful prosecution, conviction and imprisonment of Mr. Carbajal. These egregious acts defy our universal conception of fairness, and are suprizing even to the conscience of our judiciary, thereby, violating Mr. Carbajal's right to fundamental fairness of due process, that is a requisite prior to the deprivation of Mr. Carbajal's liberty. And for lack of due process and fairness, the Defendants deprivation of Mr. Carbajal's liberty offended the Fourth, Fifth, and Fourteenth Amendment rights owed to him under the United States Constitution. This perpetual disregard for the truth and miscarriage of justice continued, defrauding Mr. Carbajal and the People of the State of Colorado of justice and truth.

28.    On August 30, 2001, Mr. Carbajal entered an Alfred Plea to the charge of Possession of a Controlled Substance and Violation of Bail Bond conditions while maintaining his innocense in direct response to the repeated threats, coercion, and intentional misrepresentation of facts — the evidence, and alleged independent testing, and validity of the evidence supporting P.C.S. and D.U.R.; by Counsel Jeff Herron and the Prosecution, as well as Herron, Hotzenpiller, Serra, Cross, and Angelo's group effort to systematically develope evidence and destroy evidence to sustain a bad faith prosecution premised on false charges, and Herron's intentional sabotaging of Mr. Carbajal's defense in furtherance of this agreed and shared goal to convict and imprison Mr. Carbajal without probable cause and in violation of his due process rights. Indeed, Herron intentional deceive Mr. Carbajal and his mother and father stating that he had investigated the facts of the case, as well as the evidence, and had retested the alleged substance that rendered positive for cocaine. Also, Herron intentionally misrepresented the evidence against Mr. Carbajal stating "their is a substantial amount of cocaine that was found in your car," and this evidence supports the charges, with knowledge that these representations were false, and further were maliciously presented to deceive and convict and imprison Mr. Carbajal. Herron's misrepresentation were accepted by Mr. Carbajal and his family, while he still professes his innocence unsure what was the truth of this matter. Unbeknown to Mr. Carbajal until 2011, Herron had not retested the evidence; and worse, He had knowledge that this evidence had been destroyed, and that no evidence existed that would support a factual basis to charge or convict Mr. Carbajal for PCS or DUR. Herron, also, expressed to Mr. Carbajal that He had discussed and reviewed this

evidence extensively with Cross, Hotsenpillar and Angelo, and that they had all agreed that a fair compromise was a four year DOC sentence. Indeed, Herron worked closely with Cross, Hotsenpillar and Angelo in a arms effort to deceive Mr. Carbajal and his family, and each partook in the intentional withholding of exculpatory evidence, specifically, that no substance had existed prior to the filing of charges, and that the evidence was fabricated to falsely charge Mr. Carbajal. Further, Herron and Angelo intentional worked together in a case that was pending, to fabricate false evidence of a crime to enter this evidence under CRE 404(b),[2] as a basis to sabotage this case, also, for the purposes of forcing Mr. Carbajal into a plea of guilty. And on May 11, 2001 a judicial officer, namely Charles Greenacre, was presented with false evidence of an alleged assault that purportedly occured in the summer of 1999, and mislead into allowing this false evidence, to safely sabotage Mr. Carbajal's defense and force him into a plea of guilty, in light of the overwhelming evidence pointing to his innocence. These false informations were intentionally and systematically presented and disputed, to ensure that this false evidence was entered under CRE 404(b) with knowledge that Angelo and Herron were deceiving the judiciary, and violating Mr. Carbajal's due process, rights, and were reckless and unjustified acts taken with a malicious intent to leverage their campaign to force a guilty plea in the false charges of PCS and DUR in case no 2000CR204. And are such gross and deliberately unjust and inconsiderate acts, that would stun our universal sense of justice, and were effectuated by these parties in a manner that constitutes a complete and utter disregard for Mr. Carbajal's liberty and wellbeing.

29.    On October 26, 2001 Mr. Carbajal was sentenced to four years to the Colorado Department of Corrections at the age of 20 with no prior convictions were he remained deprived of his liberty without probable cause or due process until February 2007, ignorant to the fact that no evidence existed to support his conviction and imprisonment due to Hotsenpillar, Serra, Angelo, Cross' and Herron's repeated and malicious efforts to systematically withhold and destroy evidence to cover up their intentional violation of Dean Carbajal's civil rights. Indeed, Herron continuously advised Mr. Carbajal well into 2007 that everything was proper, repeatedly misguiding Mr. Carbajal and his family to ensure that no discovery of his and Angelo, as well as Serra, Cross, and Hotsenpillars misconduct and violation of his civil rights occurred. Indeed, these Defendant acts, conceded to, and made a group effort to ensure that the reports from the CBI lab were not discovered and destroyed their personal copies with the understanding that this exculpatory evidence would be lost and Mr. Carbajal's wrongfully imposed judgment and imprisonment would remain undiscovered. Certainly, until 2011 the evidence of these intentional civil rights violations could not have been known through the exercise of due diligence. Especially, due to the intervening and repeated attack by the Defendants that included the years from 2005 to 2008 of multiple assaults, false arrests and malicious prosecutions without jurisdiction, and a wrongful conviction that was overturned and sanctioned as illegal, followed by a string of assaults

[2] Evidence of this false 404b evidence is on the record and supports that Herron and Angelo both knew they were deceiving the court and violating Mr. Carbajal's due process rights intentionally.

by colleagues of the defendants in Denver, Colorado — by the Denver Police, including three home invasions and assaults without probable cause.[3] This bombardment of attacks were direct attacks sought to prevent Mr. Carbajal's investigation in 2010 and his ability to uncover these abuses despite his diligent efforts. until late 2010 and mid 2011 and early 2012.

    B. The Discovery Of The Unconstitutional And Conspiratory Acts That Sparked Post Conviction Proceedings And The Biased Covert Efforts Of The State To Cover-Up These Abuses And Stone Walling Mr. Carbajal's Efforts To Obtain Post Conviction Relief.

30.   In December of 2010 during an on going investigation, Mr. Carbajal set out to investigate the propriety of his conviction in an action that was handled by Herron. due to his abuses including fraud in an additional matter that was joined in a plea agreement, which, began to reveal that Officer Cross and Officer Brown had illegally seized Mr. Carbajal prior to his actual arrest and unreasonable searched his car. and further that Officer Cross had intentionally misrepresented evidence that a controlled substance existed prior to the filing of charges and that Mr. Carbajal had possessed this alleged false substance with knowledge this alleged bag was empty and that any alleged evidence was destroyed prior to the filing of charges without notice to Mr. Carbajal. Further, Mr. Carbajal uncovered numerous falicies including that Cross had lied about what was found and were he found the alleged bag, as well as that Mr. Carbajal was driving when he was seized. at a gas station. This investigation's carried on into 2011, when Mr. Carbajal and a private investigator inconjunction with family in the Montrose County community discovered that the testing of this alleged bag had been conducted prior to notice being given to Mr. Carbajal and prior to the appointment of counsel and filing of formal charges by the defendants that rendered distructive of any evidence with no reliable results or information, to substantiate these charges — PCS, of which, then exposed the intentional misrepresentations of Herron — that he had retracted the alleged substance and that a significant amount of cocaine was in evidence to support the charges. In addition, in 2012 it was discovered that the lab reports disclosing the lack of evidence were withheld and destroyed by the defendants under the oversight of Angelo and chief of Police. And that these officials drafted a false affidavit that was signed and notorized by Hotzenpillar and Cross with knowledge they were presenting material falsities and omissions to Judge John Mitchell to bring about his wrongful prosecution. conviction and imprisonment.

31.   In light of these newly discovered constitutional violations, and the obvious unconstitutionality of his conviction in case no 00CR204; On July 5, 2011, Mr. Carbajal filed a prose Petition for Post Conviction relief pursuant to Crim. P. Rule 35(c) in Delta County District Court predicated on newly discovered evidence, and the gross negligence of Herron that rendered him ineffective assistance of counsel. However, the Delta District Court Clerk refused to accept this action, and transferred this matter to the Montrose District Court were the original case had been filed. which, sparked further investigation revealing the fact that the judgment in case no 00CR204 was entered in Delta County without jurisdiction, nor leave of Montrose County were the case was filed originally and subject matter jurisdiction remained. Thus, rendering this judgment void apart from the

[3] Noting that there illegal invasions of Mr. Carbajal abuses others destroying legal files and evidence to prevent Mr. Carbajal from investigating and redressing grievance

additional constitution improprieties raised herein, that beg reversal and vacation of these convictions. As a result the State become grossly complacent, and have taken serious effort to deny Mr. Carbajal his ability to redress grievance, and attack these unconstitutional conviction.

32.    The Montrose District Court assigned this action to a Judge in a separate Judicial District predicated on the recusal of all judicial officers in the Seventh Judicial District, due to repeated acts of harassment, and the malicious prosecution of Mr. Carbajal from 2005 to 2008, including Judge Charles Greenacre's personal attack on Mr. Carbajal in the Delta District Court to force him to sign a contract without legal jurisdiction. The Honorable Terry Ruckriegle was assigned to resolve this petition seeking post conviction relief for the unconstitution acts alleged herein, amongst numerous other improprieties that require vacation of Mr. Carbajal's convictions. In case 00CR204. However, Judge Ruckriegle has refused to resolve this matter for nearly 1 year now, and repeatedly refuses to set a hearing, or allow Mr. Carbajal to subpoena evidence crucial to exposing these abuse, by ignoring his petitions, and refusing to rule at all on any of these actions, thereby, maliciously denying Mr. Carbajal due process of law, and his right to redress grievance.

33.    The successful Appeal in the Delta District Court action that sparked the investigation, that revealed the many abusers described herein, as well as the discovery of criminal and unconstitutional acts that presently implicate the acting District Attorney for Montrose County, Hotsenpiller, and various State officials in the State including Jeff Herron, a now Judge in Montrose County. which, has born great hostility and animosity and prejudice towards Mr. Carbajal and his family by numerous state officials including Clerk of Courts, Judges, District Attorneys, Sheriffs, and Local Police, whom, refuse to accept pleadings or mail court orders from the clerk, and repeatedly tamper with and intercept legal pleading, delaying their passage and also destroy them, to prevent Mr. Carbajal from obtaining post conviction relief and redress of grievance. Indeed, Judge Ruckriegle is well aware of the facts of the underlying case, and the obvious wrongful conviction and imprisonment of Mr. Carbajal, and that this judgment was entered without jurisdiction rendering it void, requiring vacation. But purely out of spite and in a malicious effort to deny Mr. Carbajal a fair redress of grievance, and to assist in covering up this misconduct, Judge Ruckriegle has refused to act and resolve this matter to purposefully stop Mr. Carbajal from successfully exposing the corruption in the Seventh Judicial District, thus, violating Mr. Carbajal's civil rights, and mandatory declaratory decrees set out by legislation, and the Supreme Court for the resolution of issues involving unconstitutional convictions attacked through post conviction proceedings. and the right of a defendant to compel the production of exculpatory evidence. Specifically. Crim P. Rule 35(c) requires that a court resolve the Plaintiffs petition for Post Conviction Relief within sixty days, and Crim P. Rule 17 affords the Plaintiff the right to compel third parties to produce documentary evidence via a subpoena duces tecum; which, the Defendants including Judge Ruckriegle completely ignore, and refuse to comport with, purposefully to stone wall Mr. Carbajal's entitlement to post conviction relief.

34.    Also, Mr. Carbajal has filed a subpoena and petition for leave to compel the production of the lab reports, and files with respect to testing the alleged substance in the Control

and possession of the Colorado Bureau of Investigation. However Seth Ryan a Deputy District Attorney for the Montrose District Attorney's Office, and Agent Clint Thomason, under the strict advisement and direction of Hotsenpillar, Patrick Sayas and Ronald Sloan refuse to turnover these original files that contain the original reports that Hotsenpillar, Serra, Angelo and Cross destroyed, in their vigorous and relentless effort to cover-up the criminal and unconstitutional acts of their predecessors, and to ensure Mr. Corbajal's Continued confinement, based on false charges and a conviction entered without jurisdiction.

35.    It is evident that this outrageous conduct described herein, and the repeated violation of Mr. Corbajal's civil rights constitute harassment, and also rises to the level that would even shock the conscience of our judiciary, and certainly deviated so greatly from the norm, and our conception of fairness or due process, that it is undisputed, Mr. Corbajal can not fairly assert his civil right to equality, and right to due process, and begs injunctive relief, given the extreme bias of the State forum, and the obvious conflict of interest imposed on numerous state officers. More, the illegalities and unconstitutionality of Ryan, Hotsenpillar, Sloan, Thomason and Saya's intentional conduct described herein explicitly the cover up of theirs and others' misconduct, was clearly established well before they decided to commit these atrocious acts. Yet, they ignored the clue notice and obvious consequences of that conduct, that is, the wrongful conviction, and denial of due process and political freedom rights of Mr. Corbajal. These reckless and pointless acts, represent a complete lack of concern for Mr. Corbajal's well being, and were continued despite the foreseeable injury to Mr. Corbajal, with an ill intent to destroy his life. Therefore, transgressing his Political Freedom and Due Process rights guaranteed under the United States Constitution, and also, the abuses here, and as alleged throughout this complaint, had the direct effect of subjecting Mr. Corbajal to numerous years of confinement without probable cause, compromising his liberty, and has destroyed him emotionally, socially, and economicly, leaving him poor, humiliated, and mentally distressed. And it is certain had those abusers, and defendants not engaged in these acts and omissions, Mr. Corbajal would have not suffered the deprivation of his civil rights alleged herein or the injuries occasioned thereby.

C.  Mr. Corbajal's Recent Discovery Of His Wrongful Conviction And The Unconstitutional Acts Of The Defendants Could Not Through The Exercise Of Due Diligence Been Discovered Sooner.

36.    Prior to 2011 and up until recently the abuses giving rise to this action could not have fairly been discovered sooner through the exercise of due diligence, in that, Hotsenpillar, Serra, Ryan, Thomason, Sloan, Sayas, Cross, and Herron have undertaken extreme and malicious efforts to cover up their illegal and unconstitutional acts by destroying evidence, hidding evidence, retaliating against Mr. Corbajal, and obstructing judicial process to stop Mr. Corbajal from fairly litigating his claims and defending his civil rights, an abuse that persists, and has rendered a perpetuation of irreparable injury suffered by Mr. Corbajal.

D. Good Faith Immunity And Soverign Immunity Have No Place In This Action.

37.    Because the illegality and unconstitutionality of the abuses and egregious acts alleged herein were clearly established before Hotsenpillar, Serra, Cross, Angelo, Ryan, Sayas

cross, Thomasnord Sloan consciously and intentionally destroyed and withheld exculpatory evidence, manufactured false evidence designed to frame an innocent citizen, committed perjury, unreasonably search and seized, systematically worked to cover up official misconduct, and conspired to wrongfully prosecute, convict, and continually imprison Mr. Carbajal, they cannot claim entitlement to good faith immunity or absolute immunity for these abuses taken in their investigative role before probable cause existed, as well as some acts including the destruction of exculpatory evidence and covering up of misconduct after the fact to prevent liability due to the egregious nature of these abuses, and their lack of ability to be characterized as acts that are quasi judicial or that of advocacy.

38. Irrespective. The Defendants, including Judge Rockrnegle, cannot claim immunity to Mr. Carbajals specific request for prospective injunctive and declaratory relief and given the persistency of these abuses, and the bad faith nature of this unduly prosecution, compounded by the biasness of the State forum. The dynamics of this instant action, compel the exclusive application of federal jurisdiction in the protection of Mr. Carbajal, and declaration of his rights and violation of his rights by the Defendants, and to enjoin further misconduct.

39. Whereas, Mr. Carbajal herein asserts, and is able to support, that he has been unable to enforce his civil rights, inherent to a United States citizen in the present state jurisdiction, and moves the federal court to exercise its original jurisdiction, and moves the Court for equitable relief in the form of both injunctive and declaratory relief. Specifically, a declaration that the Judge Rockrnegle is violating Crim.P.Rule 35(e) and Crim.P.Rule 17(c), and that the Defendants are presently violating Mr. Carbajal's right to redress grievance and due process rights. Also, Mr. Carbajal seeks affirmative injunctive relief compelling Thomasson, Sloan, and Salyer to turn over the full lab file and reports, that each of the Defendant vigorously refuse to turn over and hide; in addition, to an injunction, enjoining the Defendants, and the State of Colorado from further recklessly and oppressively asserting its authority over Mr. Carbajal. that any and all administrative authority, execution of sentence, and application of procedural judiciary and prosecutorial functions of the state in the prosecution of Mr. Carbajal, be ordered to 'cease and desist' wherein that the Plaintiffs liberties be removed from this present, and the peril of impending, threat of constitutional violations by the actions, and authority of the State, and the Defendants. Finally that any, and all powers, presently existing under this illegal judgment and conviction be terminated and rendered null and void, and without force of law, and that such nullification be extended to any and all agents and employees so empowered by the wrongful acts, alleged herein, under the color of state law, that have been invoked upon the person and family of Mr. Carbajal. See Attached Motion For Preliminary Injunction To Protect Civil Rights And Liberties Against Malicious State Prosecution And Denial Of Political Freedom.

40. Accordingly, this matter, and the facts giving rise to this action fall directly within the context of "great and immediate irreparable injury", because the State, and its officials, presently invoking the injury under the color of state law, by repeatedly harassing and, also, repeatedly maliciously prosecuting Mr. Carbajal in direct violation of statutory law and constitutional requisites, in a bad faith effort at obtaining invalid convictions, and sustaining these convictions by undercutting due process, and suppressing Mr. Carbajals ability to redress grievance and defend against these vexatious claims. Under this basis, it is in the interest of justice that the federal court intervene.

13

II The City And County Of Montrose And The Seventh Judicial District Has And Had Unconstitutional Policies That Have And Are Violating Citizen's Civil Rights

41.     The City of Montrose, County of Montrose, and Seventh Judicial District are each body politics and corporations, that are duly organized and exist under the laws of the State of Colorado, and are each liable for the unconstitutional policies instituted and promulgated by their various policymakers with final decision making authority with respect to the various functions and decisions that these officials make on behalf of the City of Montrose, County of Montrose, or Seventh Judicial District, that directly caused Mr. Carbajal's injuries and deprivation of his First, Fourth, Fifth and Fourteenth Amendment Constitutional rights.

     A. City of Montrose And Montrose Police Department

42.     The City Of Montrose was the public employer of Officer Cross and Officer Brown, as well as their superior officer and supervisor Chief of Police. The Chief of Police is a final decision maker with policymaking authority with respect to the training and supervision of Cross and Brown and personnel for the Montrose Police Department, as well as the overall conditions and maintenance of this agency within constitutional prerequisites. Cross and Brown are final decision makers with policymaking authority with respect to the collection of evidence and decision to arrest a citizen, as well as search a person and/or their property, as well as the decision to prepare and submit an affidavit for a warrant of arrest. These parties are charged, also, with investigating crimes in the City of Montrose.

43.     The Defendants Cross and Brown, as well as their Superior officer Chief of Police, engaged in numerous practices, customs and policies, that either by their direct action, ratification of their subordinates misconduct, or by grossly negligent training and supervision of their subordinates, directly resulted in the deprivation of Mr. Carbajal's constitutional, as alleged herein, that were, as stated, effected by Cross, Brown and the Chief of Police, as well as condoned and approved with the intent and understanding to procure Mr. Carbajal's unconstitutional Search, arrest, prosecution, conviction and continued confinement by these policymakers. These unconstitutional policies and or customs include, but are not limited:

     (1) failing to properly train and supervise personnel that is deliberately indifferent to the civil rights of Citizens including Mr. Carbajal with respect to unreasonable search and seizure, to present perjury and submission of false information, etc;

     (2) Charging false charges as a means to justify illegal or unconstitutional search and seizures, and to wrongfully detain citizens and under cut their ability to defend their rights;

     (3) destroying and withholding lab reports and files that are materially relevant and clearly exculpated Mr. Carbajal;

     (4) allowing, acquiescing, and failing to rectify a pervasive and wide spread Conspiracy to violate Mr. Carbajal's Fourth and Fourteenth amendment

     (5) failing to discipline, discharge, and hire personnel to ensure that citizens are not falsely charged, framed, and wrongfully detained and prosecuted. And allowing personnel that have a propensity for official misconduct to use authority under the color of state law.

     These were the customs, policies, and/or actual practices of the Montrose Police Dept.

throughout Mr. Carbajal's investigation and prosecution that were set off by Cross, Brown and the chief of Police's conscious approval and reckless actions, as policymakers, thereby, representing a deliberate choice to violate Mr. Carbajal's civil rights, and wrongfully arrest, prosecute, convict, and confine Mr. Carbajal, decisions that were specifically made despite obviously more appropriate conduct, such as, affording Mr. Carbajal his privacy and right to fair process that clearly would have resulted in the guarantee of Mr. Carbajal's civil rights. These abuses and unconstitutional policies allowed Mr. Carbajal to be: wrongfully arrested, prosecuted, convicted and continually confined; deprived of a fair prosecution through the destruction and withholding of exculpatory evidence; framed by the falsifying of charges and fabrication of probable cause; unreasonably search and seized; subjected to a conspiracy to wrongfully arrest, prosecute, convict, and confine him; and doggedly pursued by Cross continuously without restraint. Indeed, these unconstitutional policies, customs, and practices effected and followed by Cross, Brown and Chief of Police were the driving force behind the constitution violations at issue, as detailed above.

44.    In addition, the Chief of Police had no known, official policies in place to ensure: (1) that in the absence of consent, warrant, or exigent circumstances that police officers seek leave from a qualified personnel before searching or seizing a person, and a warrant.(2) that police officers notify defense counsel before testing of any evidence that may be potentially destroyed.(3) that all all documents relevant to a criminal case were shared with all supervisor personnel at the Montrose Police Department, and that all documents relevant to a criminal investigation, explicitly exculpatory evidence, were shared with the District Attorney assigned to prosecute that case.

45.    To exacerbate matters, the training and supervision provided to personnel was grossly negligent to such a degree that it was and is deliberately indifferent to citizens civil rights, as follows. Indeed, the Defendants Chief of Police and other unknown law enforcement committees, and City counsel members, although statutorily responsible for training, supervision, discipline and hiring as well as overall control of their agencies and personnel for the Montrose Police Department, refused to and did not, and failed to establish guidelines, training, and procedure and adequate supervision for their subordinates including Cross and Brown. in the following respects but not limited to:

    (1) the prevention of unconstitutional search and seizures of citizens property and person, and to ensure that the searches incident to an arrest are not grossly and excessively executed in an exploratory effort to discover a basis to harass citizens or arrest.

    (2) the prevention of the intentional misrepresentation of facts surrounding an incident designed to create probable cause to arrest or search citizens or coverup misconduct.

    (3) the prevention of intentionally submitting of false affidavits containing known material falsities and omissions designed to wrongfully arrest, prosecute, convict and confine citizens

    (4) the investigation of official misconduct that is obviously present and detrimentally impacting the community.

    (5) to prevent the intentional destruction of evidence that is material to a prosecution and obviously exculpatory, as well as withholding of this evidence

    (6) to prevent the cover up of official misconduct and ensure the immediate reporting of official misconduct with respect to citizens civil rights.

46. In fact, if guidelines, training, supervision, discipline, or procedure did exist, they are and were grossly inadequate to ensure: that personnel and subordinates respect the privacy and security of citizens and their right to life, liberty, peace, and pursuit of happiness without due process and probable cause; and that the above policies and misconduct are not effected and instituted; to such a degree that it was so likely to result in the violation of civil rights rendering injuries and constitution deprivations in the context of the First, Fourth, Fifth and Fourteenth Amendment inevitable. Certainly, the deprivation of Mr. Corbajal's civil rights, as alleged herein, was reasonably foreseeable given the blatant misconduct and deficiences in the training and supervision, and the failure and/or refusal to rectify these deficiences and abuses with the Montrose Police Dept. both represent a complete and utter disregard for the safety and rights of citizens that have dealings with the Montrose Police Dept. and its personnel, including Mr. Corbajal's and, also, shows a complete lack of consideration for the consequences of their reckless training and supervision.

47. These abuses named herein, including the illegal search and seizure, falsification of evidence, destruction and withholding of evidence, and abusive filing of false charges, were a pattern of misconduct in the Montrose Police Department, that Chief of Police, Cross, Brown, unknown City Counsel members, unknown law enforcement committee — as final decision makers with policymaking authority, had and failed to irradicate, and given the decisive and widespread nature of these obvious unconstitution handling of investigations of alleged crimes, and treatment of citizens including Mr. Corbajal, as well as their long standing nature; these superior officers, during their regular course of business, should have or knew of the substantial risk of Mr. Corbajal's unconstitutional arrest, prosecution and incarceration. Yet these officials failed or refused to take corrective measures. More, Cross and Brown pursued their reckless and wrongful search, seizure, prosecution, conviction and confinement with confidence that their Chief of Police and law enforcement personnel, that oversaw their conduct, would condone and approve their conduct or assist and encourage them to cover their conduct up to avoid liability, thereby, nurturing a culture of unsound and unsafe customs in the Montrose Police Department, with the intent and understanding that this conduct would violate citizens civil rights.

B. Montrose County And The Seventh Judicial District.

48. The County of Montrose and Seventh Judicial are the public employers for Hotsenpiller, Ryan, Anaelo, Serra and other prosecutorial personnel that followed and personally effected numerous unconstitution acts and omissions that directly violated Mr. Corbajal's civil rights as alleged herein and caused great injuries both personal, social, and economic, at the direction and approval of Hotsenpiller and Angela, as well as other officials with policymaking authority, including Unknown County Commissioners. Hotsenpiller, Anaela, Serra, and Ryan are each policymakers with final decision making authority with regard to the handling and turning over of exculpator evidence, and decision to charge offenses, as well as process complaints. Hotsenpiller and Angela are final decision makers with respect to the training, supervision, discipline, and overall management of the District Attorney's

office personnel and conditions. And Hotzenpiller, Angelo and unknown County Commissioner or Counsel members are final decision makers with policy making authority as it relates to the employing and hiring of personnel for the District Attorney's Office. These officials set policies for Montrose County and the District Attorney's Office – Seventh Judicial District by their decisive actions, personal effection of the misconduct alleged herein; and ratification of their subordinates obviously illegal conduct. Indeed, the Angelo, Hotzenpiller, Seron, Ryan and Unknown commissioner or Counsel members have engaged or continue to engage in numerous practices that either by design or by a complete and utter failure to train and supervise, that directly resulted in Mr. Carbajal's deprivation of his constitutional First, Fourth, Fifth, and Fourteenth Amendment rights that had the effect of subjecting him to great suffering and injuries both economic, social, and personal, that include but are not limited to:

1) Failing to hire competent personnel with sufficient training in constitutional law and abilities to comport with these constitutional requisits; and discharge of officials with a propensity for official misconduct.

(2) Failing to properly train and supervise staff to ensure citizens civil rights are not violated to such a degree that is and was deliberately indifferent to citizens rights

(3) destroying and withholding exculpatory evidence that clearly vitiated probable cause, as well as working together to coverup the destruction and hiding of lab reports and lab files in order to obtain and maintain a wrongful conviction

(4) refusing to notify Mr. Carbajal before testing or destroying material evidence to prevent him from testing the reliability and veracity of the results.

(5) delaying the filing of charges and formal process to prevent Mr. Carbajal from obtaining the assistance of Counsel, and oppress his ability to preserve evidence.

(6) Filing false charges based on obviously illegal conduct – Unreasonable search and seizure, and to cover up their misconduct, as well as obtain leverage to force an improper guilty plea

(7) preparing and submitting false affidavits that contained known falsities to mislead judicial officers into falsely arresting and charging Mr. Carbajal.

(8) decisively working together to manufacture a false prosecution based on false evidence that Mr. Carbajal had driven under restraint and possessed a controlled substance despite the obvious lack of probable cause.

(9) A policy of hiding and refusing to disclose official misconduct and unconstitutional acts that have wrongfully convicted and imprisoned citizens to maintain wrongful convictions or avoid civil liability.

49.    These were the customs, policies and/or actual practices of the Seventh Judicial District and Montrose County throughout Angelo and Hotzenpiller and Seron's tenure, and throughout the investigation, prosecution, and incarceration of Mr. Carbajal. Also, the Seventh Judicial District has, and had "in policies concerning the prosecution's duty to notify counsel or defense prior to testing evidence that could potentially be destroyed or duty to gather evidence or information from others who have participated in the investigation or procedure for doing so. Disclosure of evidence was not premised on their personal verification, but findings of local law enforcement.

17.

50. The Defendants Hotsenpiller, Angelo, and Serra, as official policy makers, although responsible statutorily for the training, supervision, discipline and overall control and conditions of the Seventh Judicial District - District Attorney Office and its personnel, refused to, and did not, and failed to establish guidelines, training, procedure and adequately supervise their subordinates Ryan, Serra Hotsenpiller amongst others, to: (1) prevent the harassment and dogged pursuit of Mr. Carbajal, (2) prevent the repeat unreasonable search of Mr. Carbajal's private space, (3) prevent the intentional manufacturing of inculpatory evidence; (4) prevent the falsification of reports and information, as well as perjury; (5) prevent the destruction of lab reports, evidence of an alleged substance without notice to Mr. Carbajal or his defense, and the vigorous withholding of these reports; (6) prevent the conspiracy to cover up the destruction and withholding of exculpatory evidence to prevent the discovery of Mr. Carbajal's wrongful conviction and imprisonment; and oppress his ability to obtain post conviction relief; (7) prevent the abusive filing of false charges and pleadings to enter false evidence to obtain an unfair advantage and compel and coerce a guilty plea; (8) ensure that District Attorneys maintain an open book policy, to prevent the withholding and destruction of exculpatory evidence; (9) prevent the intentional withholding of exculpatory evidence; (10) ensure that District Attorneys do not intentionally cover up illegal and unconstitutional conduct of their personnel, and former employees to maintain a wrongful conviction and imprisonment. These deficiencies were well settled and not cured. In fact, if guidelines, training, supervision, discipline or procedures did exist they were clearly inadequate, to such a reckless degree that constitutional violations were reasonably foreseeable and expected. Indeed, Serra, Hotsenpiller and Angelo, as District Attorneys throughout the investigation, prosecution, and post conviction proceedings, fostered a culture and pattern of inadequate training and supervision without safeguards or consideration for the ignorance that was being breed in their department, with knowledge that them, and their personal would abuse their authority due to their lack of discretion and training as well as strick supervision, thereby, representing a complete and utter disregard for the safety and condition of citizens, including that of Mr. Carbajal, that encounter or are subjected to the authority of Montrose County and the District Attorney's Office. Certainly, their conduct shows that they ignored the obvious consequence of their conduct, and this disregard was, including the inadequate training and supervision, the direct result of Mr. Carbajal's denial of his liberty without due process or probable cause and right to a fair trial or prosecution amongst numerous other constitutional violations alleged herein, that were the legal and proximate of Mr. Carbajal's wrongful prosecution, conviction, and imprisonment that has destroyed his and his ability to function in secrecy or a productive member of society, as well as stripped him of his liberty for nearly seven years.

51. As detailed above, these policy making Defendants Serra, Ryan, Angelo, Hotsenpiller and Unknown Commissioners had and continued to maintain there above stated policies, customs, and/or actual practices that allowed a long standing, pervasive, and wide spread conspiracy to maliciously investigate, arrest, prosecute and convict Mr. Carbajal for possession of a controlled substance, and driving under restraint despite the clear and convincing evidence that establishes his innocences, and were consciously approved by each of these officials with policy making authority with the intent and understanding to wrongfully arrest, prosecute, convict and imprison Mr. Carbajal without due process or probable cause, thus, representing a deliberate choice to follow a course of action, specifically, violate Mr. Carbajal's First, Fourth, Fifth, and Fourteenth Amendment rights, and were a moving force behind the constitutional violations alleged herein.

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

**1.** Claim One: *#2 USC §1983 — Denial Of Fundamental Fairness Of Due Process*
(5th and 14th Amendment Procedural and Substantive Due Process Violations)
Supporting Facts:

52. Plaintiff hereby incorporates by reference all paragraphs of this complaint as if fully set forth herein.

53. Defendants were each acting under the color of state law in their actions and inactions which occurred at all times relevant to this action.

54. Plaintiff Mr. Carbajal has a protected liberty interest in freedom from being imprisoned by the state except upon a conviction that comports with all constitutional requisites under the Fifth and Fourteenth Amendment to the United States Constitution including the fundamental fairness of due process.

55. Defendants Hotsenpiller, Ryan, Thomason, Sayess and Ruckriegle acted reckless, knowing, intentional, willful and wanton in their corruption of the fairness of criminal proceedings in case no. 00CR204, to ensure that Mr. Carbajal is unable to establish his innocence and defend, as well as continue his wrongful confinement; by stone walling his efforts to fairly obtain due post conviction relief, through one or more of the following acts: (1) intentionally and maliciously withholding and hiding or destroying CBI lab reports and lab case file; (2) denying Mr. Carbajal his right to petition the court for a lawful subpoena of the CBI lab file, and refusing to rule on a valid and lawful petition for a subpoena; (3) refusing to afford Mr. Carbajal fair process in the resolution of his post conviction proceedings, by delaying its ruling for a year, and intentionally violating legislative law and applicable rules of procedure, specifically Rule 35(c), by failing to resolve this action in a timely fashion, and refusing to set a hearing, and persistently delaying proceedings with the intent to deny Mr. Carbajal post conviction relief, and his ability to expose the misconduct that resulted in his unconstitutional conviction and imprisonment of Mr. Carbajal, without the fundamental fairness of due process. These intentional efforts to stone wall and prevent Mr. Carbajal from fairly litigating, and vigorous efforts to cover up misconduct of the Defendants and their colleagues, have deprived Mr. Carbajal of his right to fundamental fairness of due process to be consigned to an accused and citizen in the assertion of his liberty interest, and were pointless and reckless acts effected in a manner that was in complete disregard for Mr. Carbajal's safety and rights, ignoring the obvious consequences — the violation of Mr. Carbajal's due process rights. In fact, these deliberate acts were taken with the intent and understanding to prevent Mr. Carbajal from obtaining due relief and vindication of his due process rights, and to cover up the framing of his person for crimes he was innocent of, and are such egregious acts that shock the conscience of even our judiciary as detailed in paragraphs 30-44.

56. The City of Montrose, County of Montrose, and the Seventh Judicial District had long-standing and pervasive policies, customs, and practices that allowed the acts described in paragraph numbers 40-55, and the unconstitutional denial of fair process, and coverup of misconduct that resulted in Mr. Carbajal's denial of his liberty without due process, described herein, particularly in paragraphs 30-45, and were instituted by Hotsenpiller, Ryan, elected policymakers, that consciously approved, condoned, followed and effected these obviously unconstitutional acts, thereby, representing a deliberate choice to follow a course of action made from amongst various alternatives, that were the driving force behind the constitutional violation at issue. These policies include but are not limited to: failing to adequately train and supervise personnel in a manner that is grossly negligent, as detailed in paragraphs 41-51, and directly resulted in the violation of Mr. Carbajal's Fifth and Fourteenth Amendment rights, and were the proximate cause of his suffering and injuries.

57. The acts or omissions of each Defendant, including the policies, customs, and/or actual practices described above were the legal and proximate cause of Mr. Carbajal's deprivation of his liberty without due process, and his injuries occasioned thereby.

**2.** Claim Two: 42 USC §1983 & 28 USC §1367 — Abuse Of Process

(4th, 5th, and 14th Amendment Violations)

Supporting Facts:

58. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

59. Defendants Cross, Hotsenpillar, Serra, Angelo, and Herron, while acting or failing to act under the color of state law, acted reckless, knowing, intentional, willful, and wanton in numerous abuses of process that were clearly improper, and deviated from the regular institution and prosecution of criminal proceedings, by engaging in one or more of the following: (1) the systematic manufacturing of false evidence and probable cause by preparing and submitting false affidavits to fraudulently establish probable cause to prosecute, as detailed in paragraphs 22-29 (2) the systematic withholding and destruction of exculpatory evidence — destroying the alleged substance without fair notice; and hiding, withholding and destroying lab reports and evidence that revealed that no substance existed prior to the filing of charges, as detailed in paragraph 22-29; (3) filing false charges to hide and justify the illegal search and seizure of Mr. Carbajal and his car and also; to coerce or force a guilty plea; and the intentional and continuous misrepresentation of facts to compel a plea of guilt, as detailed in paragraphs 22-29. These obvious improper and abusive acts were a misuse of criminal process, and polluted the primary purpose and course of Mr. Carbajal's criminal process, and were illy motivated to deprive Mr. Carbajal of his pretrial release, and his ability to fairly assist his defense, as well as a fair prosecution; thus, transgressing his right to a fair trial, pretrial release, and his liberty without due process, as well as his right to be free from prosecution, conviction, and imprisonment without probable cause secured under the Fourth, Fifth, and Fourteenth Amendment to the United States Constitution.

60. Certainly, this misuse of process and the institution of criminal proceeding and the manner, in which, this underlying action were commenced as well as the purpose for these processes, deviated from the normal purpose and process for criminal investigation and prosecution, and were clearly reckless and unjustified acts taken with complete lack of consideration for Mr. Carbajal's well being and civil rights. In fact, the transgression of Mr. Carbajal's civil rights and his injuries were the reasonably forseeable out come of these misuses of criminal process. Still, the Defendants Cross, Hotsenpillar, Serra, Angelo, and Herron each decisively pursued these courses of action with the intent and understanding to misuse the criminal process — investigation, and prosecution, to wrongfully prosecute, convict and imprison Mr. Carbajal without due process or probable cause, as alleged herein, particularly in paragraphs 20-29. Ignoring the obvious consequences of their actions; that is, the obvious deprivation of Mr. Carbajal's right to a fair prosecution with the fundamental fairness of due process requisite to the denial of a citizen's liberty, and rises to the level that surely suprises even the conscience of our judiciary causing Mr. Carbajal great injuries both personal, social, and economic as alleged herein.

61. No reasonable or prudent officer or person faced with the circumstances and information available to Cross, Hotsenpillar, Serra, Angelo, and Herron would have found cause to engage in this abusive conduct described herein, and in fact this conduct is and was grossly disproportional to the standard practice in criminal process. Had the Defendants not engaged in these intentional abuses of criminal process Mr. Carbajal would not have suffered the transgression of his civil rights or the injuries occassioned thereby.

62. The City of Montrose, County of Montrose, and the Seventh Judicial District has and had numerous unconstitutional policies, customs, practices that either by design, ratification of misconduct: a pattern of misconduct; or complete failure to properly train and supervise that allowed and fostered the misuse of criminal process to wrongfully prosecute, convict, and imprison Mr. Carbajal, as described herein, that had the direct effect of subjected Mr. Carbajal to a deprivation of his fourth, fifth, and fourteenth Amendment rights, and were the legal and proximate cause of his injuries as alleged herein, that include but are not limited to a policy of: (1) filing false charges to hide and justify an illegal search and seizure; and (2) failure to properly train and supervise personnel to avoid official misconduct, and manufacturing of false evidence to support false charges — misuse of criminal process. These customs, policies, and practices that allowed and compelled these abuse of process that directly resulted in the wrongful prosecution, conviction, and imprisonment of Mr. Carbajal described herein, particularly in paragraphs 41-51, were necessarily and decisively approved and effected personally by Angelo, Serra, Cross, Hotsenpillar and chief of police — official policy makers with final decision making authority with respect to the decisions ratified or effected, allowed and compelled this conduct alleged herein; thus, representing a deliberate decision to violate Mr. Carbajal's civil rights, a course of action made from other obviously more appropriate alternatives, and was the main vehicle by which these unconstitutional acts could be effected; rendering them the driving force behind these constitutional violations, representing a deliberate indifference for citizens civil rights, including Mr. Carbajal's.

63. The acts and omissions of each Defendant including the policies, customs and/or actual practices described above were the legal and proximate cause of Mr. Carbajal's unconstitutional, prosecution, conviction, and imprisonment causing his injuries alleged herein including deprivation of Mr. Carbajal's liberty for nearly seven plus years.

(Rev. 1/30/07)

6

20.

3. Claim Three: 42 USC § 1983 & 28 USC § 1367 - False Imprisonment

(4th and 14th Amendment Violations)

Supporting Facts:

64. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

65. Defendants were acting under the color of state law in their actions and inactions which occurred at all times relevant to this action.

66. Defendant Hotsenpillar, Serra, Cross, Herron, Angelo, and Brown recklessly, knowingly, intentionally, willfully and wantonly wrongfully imprisoned Mr. Carbajal without probable cause or reasonable basis to believe that he had knowingly possessed an illegal substance, driven under restraint or violated the conditions of bail by possession on alleged controlled substance, thereby subjecting Mr. Carbajal to an unreasonable restriction of his liberty for nearly seven years. Certainly, with the information these Defendants had in their possession and all circumstances considered, no reasonable or cautious officer or attorney would have found that the application for the arrest warrant and charges above were supported by the evidence; let alone found reason to believe Mr. Carbajal had violated state law, therefore, wrongfully imprisoning Mr. Carbajal.

67. Defendants Cross, Serra, Hotsenpillar, Herron, Angelo, and Brown recklessly, knowingly, intentionally, willfully, and wantonly procured and contributed to Mr. Carbajal's wrongful imprisonment by engaging in one or more of the acts: (1) falsifying evidence and affidavits that contained known falsities and omissions that were material, designed to bring about the wrongful prosecution, conviction, and continued confinement of Mr. Carbajal, and used this false evidence against Mr. Carbajal by presenting this evidence to judicial and defense counsel, specifically the affidavit that alleged that Mr. Carbajal had possessed a controlled substance and drove under restraint; and omitted that no substance existed that would support the charges or reliable evidence of testing, and that Mr. Carbajal was not driving when arrested and had a valid license to drive with the DMV; (2) systematically destroyed and withheld exculpatory evidence from Mr. Carbajal and Judicial officials, including an alleged substance, lab report files and test results, DMV records and statements from Officer Brown; (3) committing and suborning perjury; (4) conspiring to fabricate probable cause to wrongfully arrest, prosecute, convict, and imprison Mr. Carbajal, as well as cover up this wrongful prosecution and conviction. (5) filing frivolous charges to coerce and force an Alford plea; and (6) the intentional deception and misrepresentation of facts that are known half-truths designed to deceive Mr. Carbajal and coerce him into entering an Alford plea - Herron intentionally lied that he had tested the evidence personally and that there was a substantial amount of cocaine found that supported the charges, as alleged in the Complaint and particularly in paragraphs 20-29, 30-40.

68. The process by which Mr. Carbajal was wrongfully arrested, prosecuted, and confined was so corrupt and deceptive that it defies our concept of justice and can not be said to have afforded Mr. Carbajal due process, but clearly constitutes a denial of complete and legal process given its deceptive nature that was not discovered until 2011 and 2012, and rises to the level that would shock our universal sense of justice.

69. The City of Montrose, County of Montrose and the seventh Judicial District has and had numerous unconstitutional policies, customs, and practices that either by design, ratification of misconduct, a pattern of misconduct, and/or utter failure to adequately supervise and train as well as discipline that allowed and fostered the acts of deception mishandling of evidence, and overlooking and cover up of official misconduct that resulted in, the wrongful prosecution, conviction, and imprisonment of Mr. Carbajal as described herein, that had the direct effect of subjecting Mr. Carbajal to a deprivation of his right to be free from imprisonment without probable cause and due process, secured under the fourth and fourteenth Amendments to the United States constitution, and were the legal and proximate cause of their injuries including suffering and deprivation of liberty for nearly seven years. These policies, custom, and practices include: (1) destroying and withholding exculpatory evidence without notice to the defense to deprive them of a fair defense; (2) filing false information and charges to coverup misconduct and illu obtained evidence and to force a plea of guilt; (3) continuously condoning and encouraging the coverup of misconduct to avoid liability or wrongfully imprison citizens such as Mr. Carbajal; (4) failing to adequately train, supervise, and discipline personnel to ensure that they do not intentionally violate civil rights of citizens solely to obtain a conviction or maintain a conviction; and to ensure they timely report obvious misconduct of personnel to prevent compounding errors; (5) failing to properly hire officials with integrity and a willingness to comport with state law and procedure. These policies, customs and practices that allowed and prompted these above stated abuses, that directly resulted in the wrongful prosecution, conviction and imprisonment of Mr. Carbajal described herein, particularly in paragraphs 41-51, were necessarily and decisively approved, effected and followed by Angelo, Serra, Cross, Hotsenpillar and chief of Police, - official policy makers with final decision making authority with respect to these decisions and actions that were ratified or effected personally, allowed and compelled this conduct described herein, thus, representing a deliberate choice to violate Mr. Carbajal's civil rights and follow a course of action made from among various alternatives; and were the vehicle by which these civil rights violations were made possible - the moving force, representing a deliberate indifference for citizens including Mr. Carbajal's civil rights.

70. These acts and omissions including the policies, customs and/or actual practices described above of each Defendant were the legal and proximate cause of Mr. Carbajal's unconstitutional arrest, prosecution, conviction and imprisonment causing his injuries alleged herein including deprivation of Mr. Carbajal's liberty for nearly seven years and suffering.

(Rev. 1/30/07)

### Claim Four: 42 USC §1983 — Retaliation Against Mr. Carbajal For Exercising His Political Freedom (1st and 14th Amendment Violations)

71.     Plaintiff hereby incorporates by reference all paragraphs of this complaint as if fully set forth herein.

72.     Defendants were each acting under the color of state law in their actions and inactions which occurred at all times relevant to this action.

73.     Mr. Carbajal has a protected right to peacefully assemble and petition the court in redress of grievance in asserting his political freedom secured under the First Amendment to the United States Constitution. A right that was intentionally and recklessly violated by Defendants Hotsenpiller, Ryan, Thomason, Sayas, and Ruckriegle with the intention and understanding to prevent and oppress Mr. Carbajal's assertion of his political freedom, and also to punish him for exercising his right to redress grievance in a criminal and civil forum, as described in paragraphs.

74.     These reckless acts of retaliation have taken many forms, and were direct responses to Mr. Carbajal's civil suits, and success in the criminal appeals court, and occurred within a temporal proximity to Mr. Carbajal's exercise of his political freedom, and include but are not limited to Defendants Hotsenpiller, Ryan, Thomason, Sayas, and Ruckriegle's reckless, intentional, willful, and wanton: (1) malicious withholding and destruction of CBI lab case file and chemical reports that exculpated Mr. Carbajal to deprive Mr. Carbajal due relief; (2) denial of bail process in the Criminal Court out of malice and extreme bias towards Mr. Carbajal by refusing to issue a rule on a lawful subpoena, refusing to set a hearing, and maliciously ignoring and circumventing statutory law by dragging out post conviction proceedings for a year without legal basis; and (3) conspiring to cover up the unconstitutional conduct of Herron, Angelo, Serra, Cross, and Hotsenpiller, by withholding and destroying DMV records and CBI lab report files, and reports of chemical testing. These abuses were repeatedly taken, thereby establishing a pattern of unconstitutional conduct in a malicious effort to stone wall Mr. Carbajal's ability to assert his political freedom in pursuit of post conviction, and respective and prospective relief in the civil forum, and has directly deprived Mr. Carbajal of his ability to effectively overturn his unconstitutional conviction, and sue for damages incurred due to this malicious prosecution, and were deliberate acts taken with complete disregard for Mr. Carbajal's civil rights and well being, let alone the obvious consequences of their actions. In fact, these pointless and unjustified abuses were taken with the malicious intent to aggravate Mr. Carbajal's injuries. Certainly, no reasonable officer would have found legal grounds to engage in this misconduct, especially, its obvious egregious nature considered, that even deprives the conscience of our judiciary. More, the Court-Ruckriegle, and the Defendants are fully aware that no evidence existed to support the charges in case no OOCR 204, and that this conviction was entered without jurisdiction, and based on false evidence. Indeed, this overwhelming evidence before the Defendants requires vacation of his conviction; but out of extreme bias, and in direct response to Mr. Carbajal's assertion of his political freedom, and success on appeals; the Defendants each vigorously and zealously have sought to broadside Mr. Carbajal and stonewall his valid efforts to redress grievance and expose official misconduct, by intentionally denying lawful process afford by state legislation in post conviction proceedings, delaying proceedings greatly without progression, refusing to serve orders, withholding and destroying exculpatory evidence, and conspiring to cover up the deceptive and unconstitutional acts of Hotsenpiller, Serra, Cross, Angelo, and Herron. Certainly, this abuse would cause any reasonable person to not assert or prevent their ability to assert their political freedom, and right to redress grievance, and has deprived Mr. Carbajal of his right to redress grievance, and fairly protect his political freedom rights through the fundamental fairness of due process, thereby violating his First and Fourteenth Amendment rights secured under the United States Constitution, causing his injuries alleged herein.

75.     The City of Montrose, County of Montrose, and Seventh Judicial District had long standing and widespread polices, customs, and practices that allowed the abuses described in paragraphs   ; and were instituted by Hotsenpiller, Serra, Angelo, and Ryan — official policy makers, that consciously approved, condoned, tolerated, and effected these obviously unconstitutional acts, thereby setting policy to their body politic and political subdivision, that allowed the intentional and abusive retaliatory acts, described herein particularly in paragraphs 30-40   and were taken or pursued with the intent and understanding to deprive Mr. Carbajal of his political freedom, and to punish him for exercising his political freedom, thereby representing a deliberate choice to follow a course of action despite obviously more appropriate alternatives, and were the driving action or force that permitted these constitutional violations of Mr. Carbajal's First and Fourteenth Amendment rights. These policies, customs, and practices include but are not limited to: a policy of providing grossly inadequate training and supervision with respect to: retaliation and equal treatment of citizens that assert their political freedom effectively, and proper management of cases and prosecutions despite the outcome or potential liability; that is deliberately indifferent to citizens including Mr. Carbajal's civil rights; (2) a policy of covering up misconduct to prevent citizens including Mr. Carbajal from obtain post conviction relief; and (3) a policy of withholding exculpatory evidence to punish citizens for effectively appealing or overturning a conviction, and prevent them from obtaining relief for his damages; which, directly resulted in the violation of Mr. Carbajal's First and Fourteenth Amendment rights and injuries occasioned thereby, as alleged herein in particularly in paragraphs 41-51.

76.     The acts or omissions of each Defendant including the policies, customs, and/or actual practices described above were the legal and proximate cause of Mr. Carbajal's deprivation of his liberty without due process and his right to redress grievance and his injuries suffered as alleged herein.

Claim Five: 42 USC § 1983 — Conspiracy To Violate Mr. Carbajal's Civil Rights
(1st, 4th, 5th, and 14th Amendment Violations)

77.   Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

78.   Defendants were acting under color of state law in their actions and omissions which occurred at all times relevant to this action.

79.   Defendants Hotsenpillar, Ryan, Angelo, Serra, Herron, Thomason, Cross, Brown, Sayas, and Ruckriegle recklessly, knowingly, intentionally, willfully, and wantonly conspired with one another, and others, to violate Mr. Carbajal's First, Fourth, Fifth, and Fifth Amendment rights under the United States Constitution by bringing about his wrongful arrest, prosecution, conviction, and confinement despite have knowledge that he was innocent, and the evidence supported a lack of probable cause, and also to routine this wrongful prosecution by withholding exculpatory evidence and stone walling Mr. Carbajal's ability to obtain post conviction relief or civil remedies. These Defendants in conjunction with others recklessly, knowingly, intentionally, willfully and wantonly acted in concert throughout the investigation and prosecution, as well as post conviction proceedings in a shared goal, and mutual agreement to wrongfully convict and imprison Mr. Carbajal, and to coverup the means by which this wrongful conviction and imprisonment was obtained, as well as prevent the Mr. Carbajal from obtain postconviction relief by withhold and destroying exculpatory evidence, and denying him his ability to redress grievance in a criminal forum.

80.   Defendants Hotsenpillar, Ryan, Angelo, Serra, Herron, Thomason, Cross, Brown, Sayas, and Ruckriegle each, recklessly, knowingly, intentionally, willfully, and wantonly participated and engaged in one or more of the following acts in furtherance of the conspiracy, as described herein, including but not limited to: (1) doggedly pursuing and unreasonably search and seizing Mr. Carbajal and his car; (2) making material misrepresentations to judicial officers, in the affidavit to the arrest warrant for Mr. Carbajal; (3) destroying and hiding exculpatory evidence in an effort to ensure Mr. Carbajal was wrongfully arrested, prosecuted and convicted, as well as denied post conviction relief and his ability to redress grievance; (4) filing false charges to coverup and coerce an Alford plea despite fully knowledge Mr. Carbajal was innocent; (5) intentionally lying to Mr. Carbajal about the retesting of evidence and about the evidence against him and sabotaging of another case to coerce and force Mr. Carbajal into an Alford plea while knowing that this information was false; (6) repeatedly arresting and maliciously prosecuting Mr. Carbajal to prevent him from discovering the misconduct in their underlying case; (7) withholding and hiding lab case files that exculpate Mr. Carbajal; (8) delaying proceeding grossly and ignoring Mr. Carbajal's pleadings to prevent him from obtain due relief and to oppress his redress of grievance; and (9) repeatedly denying Mr. Carbajal access to the Courts and refusing to send out orders to prevent him from objecting or contesting abuses, as described in paragraph 20-40.

81.   Defendants Cross, Brown, Hotsenpillar, Serra, and Angelo as well as Herron work together closely and in doing so, must have been aware of the obvious false information that they prepared and submitted to the Court, and the clear lack of basis to charge Mr. Carbajal with possession of a controlled substance, driving under restraint and violation of bail bond. Yet Hotsenpillar, Cross, and Angelo each with knowledge of Mr. Carbajal's innocence together signed and approved these false charges on the charging complaints, showing their group effort and agreement to charge Mr. Carbajal when the evidence in each of their possession showed clearly Mr. Carbajal was innocent, in furtherance of their conspiracy to wrongfully arrest, prosecute, convict, and incarcerate Mr. Carbajal. Further, prior to this group effort each had knowledge that Cross had destroyed the alleged substance and no evidence existed to charge Mr. Carbajal, and each of these officials still agreed together to charge Mr. Carbajal, and mutually withheld the lab reports and destroyed evidence in furtherance of this conspiracy, as detailed in paragraphs 20-29.

82.   Defendants Angelo, Hotsenpillar, Cross, Serra, Herron each work together sharing information and together decreed Mr. Carbajal that this alleged substance existed, was retested and was a substantial quantity, and together supported the charges, and withheld evidence that Cross lied about having a legal basis to seize and search Mr. Carbajal's car, and that the DMV had presented legal documentation that Mr. Carbajal had a valid license. This group effort, in addition to the intentional sabotaging of another case by Herron and Angelo that together submitted false evidence to the court, is evidence that each knew and made decisive efforts to wrongful and coerce a wrongful conviction, by pure deception, from Mr. Carbajal. Indeed these officials agreed to wrongfully convict and imprison Mr. Carbajal based on false evidence and deception, in furtherance of their conspiracy to wrongfully arrest, prosecute, convict, and imprison Mr. Carbajal and violate his civil rights. These officials together in a shared effort and agreement continued to coverup and hide these lab reports, and that the alleged substance had not been retested but instead was destroyed prior to notice of charges or notice to the defense, as well as the DMV records and DMV records that revealed a lack of probable cause to search and seize Mr. Carbajal despite having a legal duty to disclose this highly exculpatory evidence in furtherance of their conspiracy, as detailed in paragraphs 22-29.

83.   From 2008 to 2009 the Defendant Serra and numerous of his subordinates Mr. Maroney, Tom Raynes, Bill Adams, and Hotsenpillar in furtherance of this conspiracy to violate Mr. Carbajal's civil rights repeatedly arrested Mr. Carbajal without jurisdiction in a vigorous effort to prevent him from investigating the misconduct in this

underlying case – 00CR204. These abuses were effected by Serra, Price, and other personnel of the Seventh Judicial District and County of Montrose recklessly, knowingly, intentionally, willfully, and wantonly to cover up the deception and lack of evidence, and legal basis for which Mr. Carbajal was arrested, prosecuted, convicted, and imprisoned.

84    In 2011 Mr. Carbajal filed a post-conviction remedy to obtain the vacation of his conviction premised on the discovery of numerous acts of deception, during these criminal proceedings the Defendants Hotsenpillar, Ryan, Sayer, and Thomas worked together closely, sharing intentions, and mutual agreed to and effected a cover up of the malfeasance of their investigation by the Montrose Police Department and Seventh Judicial District, by hiding, withholding, and/or destroying CBI Lab reports, and DMV Records in their possession that clearly exculpated Mr. Carbajal, with knowledge that no probable cause existed for the arrest, prosecution, and confinement of Mr. Carbajal for possession of a controlled substance and violation of Bail Bonds. This abuse carried on into 2012 as each of these officials including Thomason under the direction of Sayer, refused to turn over this exculpatory evidence so as to deny Mr. Carbajal his right to post conviction relief, to cover up a scandal, and prevent Mr. Carbajal from redressing grievance and continue his wrongful conviction and confinement. These actions in furtherance of the continued conspiracy to unconstitutionally arrest, prosecute, convict, and confine Mr. Carbajal, as well as deny him the right to redress grievance in violation of his constitutional rights were overt acts.

85    From 2011 to 2012 Reukauf and Herron amongst numerous other officials including Steen, Patrick, and Charles Greenmore in direct retaliation to Mr. Carbajal's success in the appellate courts in exposing the misconduct in the Seventh Judicial District the illegal and obscure deprivation of his civil rights, have consulted and worked together agreeing to stone wall and completely prevent Mr. Carbajal from obtaining post conviction relief by ignoring his pleadings, and extending this post convictions grossly in direct violation of statutory law, and have acted accordingly, denying lawful requests to hearings, subpoenas, counsel, and investigative services and delayed matters without progression in furtherance of this conspiracy and pervasive bias that has deprived Mr. Carbajal of his ability to obtain relief in the State forum, as detailed in paragraphs 30-40.

86.    Defendants Hotsenpillar, Ryan, Angelo, Serra, Cross, and Chief of Police as well as City Counsel and County Commissioners recklessly, knowingly, intentionally, willfully, and wantonly participated in, knew of, condoned and/or approved the abusive and unconstitutional acts of their subordinates Ryan, Hotsenpillar, Serra, and Cross, described herein, particularly in paragraphs 22-46, with the intent and understanding to bring about Mr. Carbajal's unconstitutional arrest, prosecution, conviction and continued confinement. The ratification and effectuation of these unconstitutional acts were by official policy makers Hotsenpillar, Ryan, Angelo, Serra, Cross, chief of Police, City Counsel members, and county commissioners with final decision making authority for the respective decisions that allowed the above stated abuses, thereby, setting policy for the City of Montrose, County of montrose, and the Seventh Judicial District, that is clearly unconstitutional.

87.    As described above, Defendants Hotsenpillar, Serra, Angelo, Chief of Police failed to adequately train and/or supervise their subordinates to prevent the acts described herein, and particularly in paragraphs 19-85, and failed to establish policies, customs, and/or practices to prevent the violation of Mr. Carbajal's First, Fourth, Fifth, and Fourteenth Amendment Constitutional rights. This reckless training and supervision, and lack thereof, inevitably led to this longstanding and pervasive conspiracy to violate Mr. Carbajal's civil rights, and culture of misconduct that was shared and repeatedly accepted by the majority and mutually carried out by their superior officers and followed by subordinates. This grossly deficient training is/or, allowed conspiracy to wrongfully arrest, prosecute, convict, and continually confine Mr. Carbajal. Considering these Superior officers statutory duties and responsibilities to train, supervise, and exercise control over one or more of Defendants Serra, Hotsenpillar, Ryan, Cross, and Brown, the obvious need for scrutiny, discipline, and specialized training and supervision preventing the acts described in paragraphs 41-51 so as to ensure that Mr. Carbajal was treated with respect, and not conspired against by numerous officials in a group effort to violate his civil rights, and that officials promptly report official misconduct and not overlook it, and the propensity for the inadequacy of the training and supervision provided to torture and breed this group effort of pervasive unconstitution acts, that it was reasonably foreseeable that citizens First, Fourth, Fifth, and Fourteenth Amendment rights would be violated, as a result of Hotsenpillar, Serra, Angelo, and Chief of Police ritualistic pattern of inadequate training and supervision, thereby, representing a reckless and complete disregard for citizen constitutional rights, including Mr. Carbajal's, with whom the Montrose Police Dept. and Seventh Judicial District came into contact, as described herein, particularly in paragraphs 41-51.

88.    Given the longevity and pervasive nature of these unconstitutional acts described herein, and particularly in paragraphs 19-85, Defendants Hotsenpillar, Serra, Angelo, and Chief of Police through their regular course of business knew or should have known of the great risk and peril of Mr. Carbajal's being subjected to the unconstitutional conspiracy to arrest, prosecute, convict, imprison, and deprive Mr. Carbajal of his Political freedoms. Yet, they instituted and promulgated numerous customs, policies, and practices, that allowed the conduct described in paragraphs 19-85. These customs, policies, and practices that allowed this unconstitutional conspiracy to violate Mr. Carbajal's civil rights, described herein, particularly in paragraphs 41-51, were necessarily consciously approved by Hotsenpillar, Serra, Ryan, Angelo, Serra, Chief of Police, and City Counsel and County Commissioners; thus, representing a deliberate choice to violate Mr. Carbajal's civil rights, an avenue or choice made from amongst various alternatives that were clearly more appropriate, such as, rapport with constitutional standards. These unconstitutional policies, customs, and practices had the direct effect of subjecting Mr. Carbajal to the deprivation of his constitutional First, Fourth, Fifth, and Fourteenth Amendment rights and were the compelling force behind these violations.

89.    The acts and omissions of each Defendant, including the policies, customs, and/or practices described, above, were the legal and proximate cause of Mr. Carbajal's injuries alleged herein, including suffering, and deprivation of liberty.

24.

# E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? _✔_ Yes ___ No (CHECK ONE). If your answer is "Yes," complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."



1. Name(s) of defendant(s) in prior lawsuit:

   *1. Dean Carbajal v. Denver County Bd of Santa Comm. et al. — 08 CV 269*
   *2. 10 CV 2862 – REB–KLM; Dean Carbajal v. PVRI Serra. et al.*
   *3. 11 CV 2826 – LTB; ~~Dean~~ Carbajal v. City and County of Denver. et al.*
   *4. 12 CV 205 – LTB, Dean Carbajal v. Mathew Holman et al.*

2. Docket number and court name:

   *1. 08 CV 269 – BNB   US Dist. Court*
   *2. 10 CV 2862 – REB–KLM   US Dist Court*
   *3. 11 CV 2826 – LTB   US Dist. Court ; on appeal to US Court App Tenth Cir. 12-1090*
   *4. 12 CV 205 – LTB   US Dist. Court ; on appeal to US Court Appeals Tenth Cir. 12-1152*

3. Claims raised in prior lawsuit:

   *1. Due process violation, malicious prosecution, false imprisonment*
   *2. Malicious prosecution, Conspiracy, unreasonable search and seizure, unreasonable and excessive force, Monell Claim.*
   *3. Malicious Prosecution, abuse of process, retaliation, unreasonable search and seizure, Monell Claim, Due Process violation*
   *4. Due Process Violation, Retaliation, Monell Claim, Breach of Contract.*

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?):

   *1. 08 CV 269 was voluntarily dismissed after Petta County vacated conviction*
   *2. 10 CV 2862 – REB – KLM is pending in the US District Court*
   *3. 11 CV 2826 – LTB was dismissed but appealed to the 10th Cir. Court Appeal – 12-1090*
   *4. 12 CV 205 – LTB was dismissed but appealed to the 10th Cir. Ct Appeals – 12-1152*

5. If the prior lawsuit was dismissed, when was it dismissed and why?

   *1. 08 CV 269 was voluntarily dismissed in 2008 by motion of Plaintiff*
   *3. 11 CV 2826 – LTB dismissed summarily based on ~~Rooker Abstention~~ a Rule 8 violation*
   *4. 12 CV 205 – LTB dismissed summarily based on a Rooker Abstention*

6. Result(s) of any appeal in the prior lawsuit:

   *3. 11 CV 2826 – LTB , Appeal US 10th Cir. 12-1090 is pending*
   *4. 12 CV 205 – LTB , Appeal US 10th Cir. 12-1152 is pending.*

# F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?

   _✔_ Yes ___ No (CHECK ONE). *However this is inapplicable premised on the notion that this action doesn't call into question or deal with conditions of confinement. nor does it involve this imprisonment or conviction*

2. Did you exhaust available administrative remedies? _✔_ Yes ___ No (CHECK ONE).

(Rev. 1/30/07)

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

Wherefore, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award him all relief as allowed by law and equity including but not limited to the following:

  a. Appropriate equitable relief including but not limited to prospective Injunctive relief, declaratory, and other injuctive remedies. (See attach Injunction filed Contemperaneously);

  b. Actual economic damages as established at trial;

  c. Compensatory damages, including, but not limited to those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non pecuniary losses;

  d. Punitive damages for all claims allowed by law in an amount to be determined at trial;

  e. Pre judgment and post judgment interest at the highest lawful rate;

  f. Attorney's fees and costs; and

  g. Any other relief this Court deems just and proper.

Plaintiff Request a Trial To a Jury on all issues so Triable

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on ___July 17, 2012___
(Date)

_____
(Prisoner's Original Signature) →

(Rev. 1/30/07)