IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02007-BNB

DEAN CARBAJAL,

    Plaintiff,

v.

DAN HOTSENPILLER, District Attorney of the Seventh Judicial District, in his individual
    and official capacity,
SEITH RYAN, Deputy District Attorney of the Seventh Judicial District, in his individual
    and official capacity,
WYATT ANGELO, Former District Attorney of the Seventh Judicial District, in his
    individual capacity,
MYRL SERRA, Former Deputy District Attorney and Former District Attorney of the
    Seventh Judicial District, in his individual capacity,
SEVENTH JUDICIAL DISTRICT, a Political Subdivision of the State of Colorado,
JEFF HERRON, a Private Co-conspirator, in his individual capacity,
CLINT THOMASON, an Agent for the Colorado Bureau of Investigation, in his individual
    and official capacity,
ROGER CROSS, Police Officer for the Montrose Police Department, in his individual
    capacity,
OFFICER BROWN, Police Officer for the Montrose Police Department, in his individual
    capacity,
CITY OF MONTROSE, a Municipality of the State of Colorado,
PATRICK SAYAS, Assistant Attorney General for the State of Colorado, in his individual
    and official capacity,
TERRY RUCKRIEGLE, District Court Judge for the Seventh Judicial District, in his
    individual and official capacity,
BOARD OF COUNTY COMMISSIONERS OF MONTROSE COUNTY, a Political
    Subdivision of the State of Colorado, and
MONTROSE COUNTY, a County of the State of Colorado,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Dean Carbajal, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Carbajal has filed *pro se* a Prisoner Complaint claiming that his

rights under the United States Constitution have been violated. He seeks damages as well as declaratory and injunctive relief.

The Court must construe the Prisoner Complaint liberally because Mr. Carbajal is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.*

The Court notes initially that the Prisoner Complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure because the Prisoner Complaint is repetitive and prolix. As a result, Mr. Carbajal fails to provide a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). However, the Court will not dismiss the Prisoner Complaint for that reason.

Mr. Carbajal's claims in this action arise out of his conviction in 2001 in criminal case number 00CR204 in the District Court of Montrose County, Colorado. The Montrose County case was one of six cases against Mr. Carbajal resolved in a single plea agreement. *See People v. Carbajal*, 198 P.3d 102, 104 (Colo. 2008); *People v. Carbajal*, – P.3d –, 2012 WL 2581023 at *1-2 (Colo. App. July 5, 2012). According to Mr. Carbajal, he entered an *Alford* plea to possession of a controlled substance and violation of bail bond conditions in the Montrose County case, and he was sentenced to four years in prison. It appears that Mr. Carbajal's sentence in the Montrose County

case also included a three-year term of mandatory parole and that his parole was revoked at some point. *See id.* With respect to his sentence in the Montrose County case, Mr. Carbajal contends that "he remained deprived of his liberty without probable cause or due process until February 2007." (ECF No. 1 at 10, ¶29.) Mr. Carbajal does not allege, and there is no indication in the file, that he currently is serving the sentence imposed in the Montrose County case.

Mr. Carbajal maintains that he commenced an investigation of the propriety of his conviction in the Montrose County case in December 2010 and that his investigation:

> began to reveal that Officer Cross and Officer Brown had illegally seized Mr. Carbajal prior to his actual arrest and unreasonably searched his car, and further that Officer Cross had intentionally misrepresented evidence that a controlled substance existed prior to the filing of charges and that Mr. Carbajal had possessed this alleged false substance with knowledge this alleged bag was empty and that any alleged evidence was destroyed prior to the filing of charges without notice to Mr. Carbajal. Further, Mr. Carbajal uncovered numerous fal[la]cies including that Cross had lied about what was found and w[h]ere he found the alleged bag, as well as that Mr. Carbajal was driving when he was seized at a gas station. This investigation carried on into 2011, when Mr. Carbajal and a private investigator in conjunction with family in the Montrose County community discovered that the testing of this alleged bag had been conducted prior to notice being given to Mr. Carbajal and prior to the appointment of counsel and filing of formal charges by the Defendants that rendered d[e]structive of any evidence with no reliable results or information, to substantiate these charges – [possession of a controlled substance], of which, then exposed the intentional misrepresentation of [defense counsel] – that he had retested the alleged substance and that a significant amount of cocaine was in evidence to support the charges. In addition, in 2012 it was discovered that the lab reports disclosing the lack of evidence were withheld and destroyed by the defendants under the oversight of [the district attorney] and Chief of Police. And that these officials drafted a false affidavit that was signed

>> and notarized by [the district attorney] and Cross with
>> knowledge they were presenting material falsities and
>> omissions to Judge John Mitchell to bring about his wrongful
>> prosecution, conviction and imprisonment.

(ECF No. 1 at 11, ¶30.)

Following his investigation, Mr. Carbajal asserts that on July 5, 2011, he filed in the Delta County District Court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure challenging the validity of his conviction in case number 00CR204. He further asserts that the Rule 35(c) motion was transferred to the Montrose County District Court. The motion apparently remains pending because Mr. Carbajal alleges that the state court judge to whom the Rule 35(c) motion was assigned

>> has refused to resolve this matter for nearly 1 year now, and
>> repeatedly refuses to set a hearing, or allow Mr Carbajal to
>> subpoena evidence crucial to exposing these abuse[s], by
>> ignoring his petitions, and refusing to rule at all on any of
>> these actions, thereby, maliciously denying Mr. Carbajal due
>> process of law, and his right to redress grievance[s].

(ECF No. 1 at 12, ¶32.)

Mr. Carbajal asserts five numbered claims for relief in the Prisoner Complaint challenging the validity of his conviction in the Montrose County case and the adequacy of the pending postconviction proceedings. Claims one and four relate to the pending state court postconviction proceedings and claims two and three challenge the validity of the underlying conviction. Mr. Carbajal's fifth claim is a conspiracy claim that summarizes all of his claims in this action as follows:

>> Defendants Hotsenpillar, Ryan, Angelo, Serra,
>> Herron, Thomason, Cross, Brown, Sayas and Ruckriegle
>> recklessly, knowingly, intentionally, willfully, and wantonly
>> conspired with another, and others, to violate Mr. Carbajal's
>> First, Fourth, Fifth, and Fifth [sic] Amendment rights under

> the United States Constitution by bringing about his wrongful
> arrest, prosecution, conviction, and confinement despite
> hav[ing] knowledge that he was innocent, and the evidence
> supported a lack of probable cause, and also to continue this
> wrongful prosecution by withholding exculpatory evidence
> and stone walling Mr. Carbajal's ability to obtain
> postconviction relief or civil remedies.  These Defendants in
> conjunction with others recklessly, knowingly, intentionally,
> willfully and wantonly acted in concert throughout the
> investigation and prosecution, as well as postconviction
> proceedings in a shared goal, and mutual agreement to fully
> convict and imprison Mr. Carbajal, and to coverup the means
> by which this wrongful conviction and imprisonment was
> obtained, as well as prevent [] Mr. Carbajal from obtain[ing]
> postconviction relief by withhold[ing] and destroying
> exculpatory evidence, and denying him his ability to redress
> grievance[s] in a criminal forum.

(ECF No. 1 at 24, ¶79.)

Mr. Carbajal's claims challenging the validity of his conviction in the Montrose County case must be dismissed because those claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.  However, the rule in *Heck* is not limited solely to damages claims that challenge the invalidity of a conviction or sentence.  In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S.

74, 81-82 (2005).

It is indisputable that Mr. Carbajal's claims challenging the validity of his conviction in the Montrose County case implicate the validity of that conviction. Furthermore, Mr. Carbajal does not allege, and there is no indication in the Prisoner Complaint, that he has invalidated the Montrose County conviction. Although it does not appear that Mr. Carbajal still may challenge the conviction in a habeas corpus proceeding, there is no indication that he was unable to challenge the validity of the Montrose County conviction while he remained in custody pursuant to that conviction. *See Cohen v. Longshore*, 631 F.3d 1311, 1316-17 (10th Cir. 2010) (holding that the rule in *Heck* does not apply to a petitioner who is unable to obtain habeas relief as long as the inability to obtain habeas relief does not stem from a lack of diligence). Mr. Carbajal's assertion that he did not begin to investigate the validity of the Montrose County conviction until December 2010, more than three years after he alleges he completed the sentence imposed as a result of that conviction, does not demonstrate diligence on his part. Therefore, the Court finds that Mr. Carbajal's claims challenging the validity of his Montrose County conviction are barred by the rule in *Heck* and must be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Mr. Carbajal's claims asserting constitutional violations with respect to the adequacy of the ongoing state court postconviction proceedings also must be dismissed. First, there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Therefore, Mr. Carbajal's constitutional claims challenging the adequacy of the state court

postconviction proceedings lack merit.  However, even if Mr. Carbajal could assert cognizable constitutional claims premised on the adequacy of the ongoing state court postconviction proceedings, those claims still must be dismissed because the Court cannot intervene in ongoing state court proceedings.

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state proceedings.  *See Younger v. Harris*, 401 U.S. 37 (1971).  *Younger* abstention is appropriate if three conditions are met:

> First, there must be ongoing state criminal, civil, or administrative proceedings.  Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit.  Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jacquez*, 126 F.3d 1294, 1297 (10th Cir. 1997); *see also Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).  In the instant action, all three conditions are met.

The first condition is met because Mr. Carbajal alleges that the postconviction Rule 35(c) motion remains pending before the state court.  The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). With respect to the third condition, it is not clear exactly what steps Mr. Carbajal has taken to present his federal claims in state court.  However, it is clear that Mr. Carbajal fails to demonstrate the absence of an adequate opportunity to present his federal claims in the state proceedings.  The fact that Mr. Carbajal has not obtained the

relief he seeks in state court does not mean that he has not had, or does not have, an adequate opportunity to present his federal claims in the state court proceedings.

Mr. Carbajal "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).  To establish extraordinary or special circumstances, Mr. Carbajal must be facing an irreparable injury that is both great and immediate.  *See Younger*, 401 U.S. at 46.  Furthermore, the exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps*, 59 F.3d at 1064 (internal quotation marks omitted).  Finally, it is Mr. Carbajal's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id*. at 890.

Mr. Carbajal fails to demonstrate that he will suffer any irreparable injury that is both great and immediate if the Court fails to intervene in the pending state court proceedings.  Therefore, the Court finds that *Younger* abstention is appropriate with respect to Mr. Carbajal's claims challenging the adequacy of the ongoing state court postconviction proceedings.

For all of these reasons, the action will be dismissed.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to

proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and the *Younger* abstention doctrine.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  5th  day of     September      , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court