IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02007-LTB

DEAN CARBAJAL,

    Plaintiff,

v.

DAN HOTSENPILLER, District Attorney of the Seventh Judicial District, in his individual
    and official capacity,
SEITH RYAN, Deputy District Attorney of the Seventh Judicial District, in his individual
    and official capacity,
WYATT ANGELO, Former District Attorney of the Seventh Judicial District, in his
    individual capacity,
MYRL SERRA, Former Deputy District Attorney and Former District Attorney of the
    Seventh Judicial District, in his individual capacity,
SEVENTH JUDICIAL DISTRICT, a Political Subdivision of the State of Colorado,
JEFF HERRON, a Private Co-conspirator, in his individual capacity,
CLINT THOMASON, an Agent for the Colorado Bureau of Investigation, in his individual
    and official capacity,
ROGER CROSS, Police Officer for the Montrose Police Department, in his individual
    capacity,
OFFICER BROWN, Police Officer for the Montrose Police Department, in his individual
    capacity,
CITY OF MONTROSE, a Municipality of the State of Colorado,
PATRICK SAYAS, Assistant Attorney General for the State of Colorado, in his individual
    and official capacity,
TERRY RUCKRIEGLE, District Court Judge for the Seventh Judicial District, in his
    individual and official capacity,
BOARD OF COUNTY COMMISSIONERS OF MONTROSE COUNTY, a Political
    Subdivision of the State of Colorado, and
MONTROSE COUNTY, a County of the State of Colorado,

    Defendants.

___

### ORDER DENYING MOTION TO VACATE JUDGMENT

___

Plaintiff, Dean Carbajal, has filed *pro se* on September 24, 2012, a document

titled "Contemporaneous Objection and Motion to Vacate Judgment" (ECF No. 19) in which he asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on September 5, 2012. The Court must construe the motion liberally because Mr. Carbajal is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Carbajal's motion pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to

advance arguments that could have been raised previously.  *See id.*

The Court dismissed the instant action without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971).  More specifically, the Court determined that Mr. Carbajal's claims challenging the validity of his state court conviction in a Montrose County case are barred by *Heck* and that *Younger* abstention is appropriate with respect to Mr. Carbajal's claims challenging the adequacy of pending state court postconviction proceedings.  Mr. Carbajal challenges these determinations in the motion to reconsider and he also asserts that the case should have been assigned to a different judge pursuant to Rule 40.1C.1. of the local rules for the District of Colorado.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Carbajal fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  The Court remains convinced that this action properly was dismissed pursuant to *Heck* and the *Younger* abstention doctrine. Furthermore, the local rules for the District of Colorado authorize an initial review and summary dismissal of prisoner pleadings prior to any assignment under Rule 40.1.  *See* D.C.COLO.LCivR 8.2C. & D.  Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that Plaintiff's "Contemporaneous Objection and Motion to Vacate Judgment" (ECF No. 19) filed on September 24, 2012, is DENIED.

DATED at Denver, Colorado, this  28th  day of  September , 2012.

BY THE COURT:

                                       s/ Lewis T. Babcock
                                      LEWIS T. BABCOCK, Senior Judge
                                      United States District Court